# CASES IN CHANCERY.

The WASHINGTON INSURANCE COMPANY of the city of New-York.

v.

EDWARD PRICE and STEPHEN PRICE.

The chancellor being a stockholder in a corporation, can not do any judicial act in a cause in which that corporation is a party, although he is not personally a party to the record.

In such case the cause is to be heard before the chief Justice sitting in equity.

1828.
Sept. 1.

THIS cause being noticed for hearing, the chancellor informed the counsel of the parties that he was a stockholder in the Washington Insurance Company, and that according to the opinion which he then entertained, he could not hear the cause : but he expressed a desire that the question, whether he ought to act as judge in the cause or not, should be argued. The counsel declined to argue the question, and the chancellor this day gave his opinion.

*The sole judge of the court interested.*

THE sole judge of this court, being a stockholder in the incorporated company which institutes this suit, can he proceed or act as judge in the cause ?

It is a maxim of every code, in every country, that no man should be judge in his own cause. The learned wisdom of enlightened nations and the unlettered ideas of ruder societies, are in full accordance upon this point ; and wherever tribunals of justice have existed, all men have agreed that a judge shall never have the power to decide where he is himself a party.

1

1823.

WASHINGTON
INSURANCE
COMPANY
v.
PRICE.

The reasons which render this principle just and necessary, are obvious; and whatever may be the exceptions to the general infirmities of human nature, this rule has no exception in its terms or its policy, and it should accordingly be universal and inflexible in its operation.

In England it has always been held, that however comprehensive may be the terms by which jurisdiction is conferred upon a judge, the power to decide his own cause is always a tacit exception to the authority of his office. Finch's Law, 19.; 4th Coke's Reports, 118.; Wingate's Maxims, 170. Such, I conceive, is also the law of this state.

Though the principle that a party can never act as judge is not declared by our constitution or statutes, yet, as it is a maxim of universal justice, and is undoubted law in England, it exists here as it exists there, a rule of the common law. It is not left to the discretion of a judge, or to his sense of decency, to decide whether he shall act or not : all his powers are subject to this absolute limitation; and when his own rights are in question, he has no authority to determine the cause. So well is this principle understood, that in every court consisting of more judges than one, the judge who is a party in a suit before that court, takes no part in the proceedings or decision of his own cause; and I know no example of the contrary conduct in this country.

But it has been said, that where a court consisting of a single judge, has exclusive jurisdiction of the subject of a suit, a failure of justice would take place if the judge should not act in his own cause.

A failure of justice may take place if he should not act; as it also may occur if he should decide his own cause : but it belongs to the power which created such a court to provide another in which this judge may be a party; and whether another tribunal is established or not, he at least, is not entrusted with authority to determine his own rights or his own wrongs.

By the third section of the act concerning the court of chancery, it is provided, " That where the chancellor shall " be a party to a suit in chancery, the bill shall be filed be- " fore the chief Justice of the state, who shall thereupon pro-

"ceed, in like manner, as the chancellor could of right do, as a court of chancery in other cases, and the court of chancery shall be thereupon held in that case before the chief Justice, and shall proceed to hear and determine the same, according to the course and usage of the said court."

In this case, an incorporated company sues by its corporate name. The company consists of persons who are joint proprietors of a common fund in various amounts ; the suit is the act of these persons or their officers ; and the gain or loss which may result from it, will be the gain or loss of each stockholder, according to the extent of his interest in the fund. The corporation is the party in form ; the stockholders are the parties in substance. When a corporation is thus a party to a suit, it is regarded as one sole party, so long as it is not necessary to the ends of justice that the persons who use the corporate name should be disclosed. But whenever the ends of justice require that the persons who use the name of a corporation should be known, the inquiry is made, and the stockholders and their officers are considered and treated as they are in fact, the real litigants in the suit.

The term party, though usually applied to those who are named as such in the forms of a suit, has no technical sense more restricted than its ordinary signification. In the general sense of the term, it seems properly applied to every person who has an interest in the conduct and event of a litigation, whether he is a party in form, a party in interest, or a party not before the court. The forms of proceedings in our courts, often present nominal parties who have no real interest in the subject of a suit ; but when it is necessary for any purpose of justice that the real parties not named should be brought into view, this is done, and the persons really interested are either made parties in form, or their interests are recognised with the same effect as if their names had appeared in the proceedings. Thus, while forms are preserved, substance is not disregarded, and parties in fact, as well as parties in form, are treated according to the real state of their rights, in the subject of a suit. These distinctions are known and familiar : and the terms of the statute seem sufficiently ample to embrace parties of all descriptions. The name of a corpo-

ration being used to comprehend all the stockholders in one compendious description, it would be quite as reasonable to say that the nominal plaintiff and the casual ejector, are the only parties in an action of ejectment, as to say that the body corporate, existing only in certain legal capacities, is the only party which can be recognised by a court of justice.

If the terms, party to a suit, can be in any case understood in this general sense, there is the strongest reason to believe that they are so used in this statute. The object of the legislature plainly was, to provide a judge who should hear and determine the causes which the chancellor could not decide, and these were the chancellor's own causes in equity. The chancellor could not decide any cause in which he was interested ; and whether his interest should appear, by making him a party in form, or by his own avowal, or in any other manner, the principle was the same ; he was in substance, a party, and for that reason could not act. In this state of things this statute was enacted to give redress. It is therefore most reasonable to suppose. that the remedy was intended to extend to the whole exigency of the case : and the terms party to a suit are reconciled with this object, if we give to them the same sense in both cases, and consider the causes which are to be decided by the chief Justice as the causes which the chancellor cannot determine, because he is a party either in form or in effect. If this be not so, the legislature have accomplished but a part of their object ; and wherever a party in effect, does not appear so in name, as in all cases of corporations and many cases of trusts, the chancellor may be that party, and the case would be without the redress of this statute. But the object of the legislature is completely attained, if we consider the terms, party to a suit, to be used here in the sense in which the same terms are certainly used when we speak of the principle that a judge is incompetent to determine a suit in which he is a party.

This construction is much corroborated, by an alteration which this statute has received since its first enactment. In the first act passed on the fourth day of April, 1800, and in the first revision of that act in 1801, the terms of this provision were, that where the " chancellor shall be a party to a

" suit in chancery, either as complainant or defendant, the " bill shall be filed before the chief Justice." While these were the terms of the law, there might have been reason to contend that it was confined to cases, in which the chancellor was named as complainant or as defendant. But in the revision of 1813, the existing law, the words " as complainant or defendant," are omitted, and the provision now extends to all cases in which the chancellor is a party to a suit, and, as I conceive, to all cases in which, though neither complainant nor defendant, he is a real party to the subject of litigation.

Such is my own view of this question : but it appears that my immediate predecessor, and the late chief Justice, held a different opinion. Their opinion is found in the case of Stewart v. The Mechanics and Farmers' Bank, 19 John. 501. In that case, the chancellor was a stockholder in the bank ; and this fact appearing, the parties consented that the hearing of the cause should proceed. Upon a consultation between the chancellor and the chief Justice, they were both of opinion that the chancellor was not a party to the suit within the provision of the statute ; and the chancellor proceeded to determine the cause. The same cause was removed to the court of errors ; but this question was not raised or considered in that court. It is a question which has not been determined by the court of errors ; but it has been decided by the opinions of two of our most eminent judges. I have the highest respect for the late chancellor, and the late chief Justice. I delight to honor them for the ability, intelligence, and integrity with which they discharged their respective trusts ; and I feel that I have strong authority, when I am able to produce their opinions in support of my own decisions. But where my own judgment is clear and undoubting, I can not surrender it to any opinion except that of a superior tribunal.

My opinion is, that the chancellor is a party to a suit in this court by or against a corporate company, in which he is a stockholder ; that such a suit is his own cause, to the extent of his interest as a stockholder ; and that he can not determine such a suit. I am also of opinion, that the chief Justice has jurisdiction of such suits ; and the circuit courts are now also open as courts of equity.

1823.

WASHINGTON
INSURANCE
COMPANY
v.
PRICE.

This suit having been instituted before I was chancellor, I merely direct at present, that all proceeding in it before me, cease. If the suit shall proceed before the chief Justice, it will be determined, as if it had been commenced before him, according to the statute.