Gilbert, J.
I am of opinion, that Mr. Hasldn has not a right to be heard' in opposition to the confirmation of the report in this case. He appears in the capacity of a tax payer Only. Having only the common interest in the question arising from his liability to contribute, in common with others, to a tax or assessment—he has no standing in court. “ Whatever concern such persons have in the question, belongs to them only as citizens and members of the community. No private person, or number of persons, can assume to be the champions of the community, and challenge the public officers to meet them in the courts of justice. (Doolittle v. Supervisors of Broome County, 18 N. Y., 155.)
This principle, so necessary to prevent excessive and vexatious litigations, is protected and enforced by the statute regulating the proceedings in question. (Laws of 1867, ch. 290.) Section 10 of the act provides, that after the report shall have been completed, it shall be deposited with the town clerk; that there shall be published a notice thereof, and also, that the commissioners will meet at a time and place, to be specified in such notice, not less than twenty days from the first publication of such notice, to review said report; and that at the time and place so specified, all persons interested may offer objections, in writing, to the report, and accompany the same with affidavits. It then provides, that after the commissioners shall have reviewed their report, they shall give twenty days notice of the application to confirm the same; and that all persons interested may appeal therefrom, by a notice to be served on the town clerk, which notice shall be accompanied by copies of the objections and affidavits before mentioned, &c.. &c.
*449 Section 11 provides, that such appeal shall be heard, that copies of the affidavits aforesaid, but no others, may be read against confirming said report, but that no cause against such confirmation shall be heard, except the appeal aforesaid shall have been made.
The statute itself furnishes the law of the case, and requires me not to listen to the objections urged, in the form in which ¿hey are presented.
An objection which, if tenable, goes to the very root of the ■proceedings, was urged with a great deal of force and deserves to be noticed.
It was said that one of the commissioners owned some lots, which have been taken for the improvement, and was, therefore, incompetent to act, upon the maxim, that no man can be a judge of his own cause. The court was not aware of this fact, when the appointment of commissioners was made. Nothing appears before me, showing that any special injury to the objection has resulted from his action. On the contrary, the reverse is shewn by affidavits in support of the application to confirm. Still, if the objection be good in law, I do not think this is a sufficient answer.
There are however, I think, several answers to it. One is, that the maxim does not govern the case. It applies to judicial officers, but not to officers whose duties partake of an administrative character, and are only' quasi judicial. (People v. Wheeler, 21 N. Y., 82.) In this case, Denio,-J., says: “An act of public administration, though requiring the exercise of judgment, is quite a different thing from the dispensing of justice between man and man.” If this objection should prevail, assessors, highway commissioners, tax commissioners, and many other boards of public officers, would be incompetent to act, and it would be impracticable to exercise some of the most important functions of the government. The public interest is supreme. Whenever compatible with this, officers like the one in question should be disinterested. It rests exclusively with the .legislature, however, to determine, whether in cases like this, interest shall disqualify.. The Constitution provides, that compensation for private property, taken for public use, shall be ascertained by a jury, or by *450 commissioners, as shall be prescribed by law., (Livingston v. Mayor of New York, 8 Wend., 85,102.) In this case, the only qualification for the commissioners, prescribed by the statute, is that they shall be residents of the county.
It may be added that the commissioner objected to, did not act in the appraisement of his own land. (Rex v. Varlo, Cowp., 250; Rex v. Bellinnger, Com., 293.) At common law, and also by a provision of the Revised Statutes (2 R. S., 555, § 27), a majority of the commissioners were authorized 'to exercise the powers and duties confided to them, upon a meeting of all. This ground of objection, would seem, therefore, to have been obviated, for an interest in the question is never a disqualification. (People v. Edmonds, 15 Barb., 529 ; Washington Insurance Co. v. Price, 1 Hopk. Ch., 1.)
Furthermore, the objection should have been made on the hearing of the application for the appointment of commi sioners. Consent, or at least a waiver of the objection may be fairly inferred from the omission to'make it at the proper time. In such a ease it would, as was said by Lord Denman, in Regina v. Cheltenham Commissioners (1 Adol. & El., N.S., 467), be monstrous to hold, that the mere presence of the interested commissioner, vitiated the proceedings. (Baldwin v. Calkins, 10 Wend., 169.)