Follett, J.
The relator is a party of record in the case of Stephen Fike against the Cincinnati and Eastern Railway Company, and Thomas Q. Ashburn and others. The defendant, A. B. Shaw, is the clerk of the court where that suit was pending, and where relator filed the affidavit of C. B. Matthews, his counsel in that suit, for a change of venue.
The statute governing relator’s rights and the defendant’s duties as such clerk, is section 550 of the Revised Statutes, and is as follows : “ In every instance where a judge of the court of common pleas is interested in the event of a cause, proceeding, motion, or matter pending before the court in any county of his district, ... by reason of interest, on affidavit of either party to such cause, proceeding, motion, or matter pending, or his counsel, showing the fact of such interest, the clerk of the court shall enter upon the docket thereof an order directing that the papers and all matters belonging to the cause, motion, proceeding, or matter pending, in which such judge of the court of common pleas . . . is interested, . . . shall be transmitted . . . if in the court of common pleas, then to the clerk of the court of common pleas of an adjoining county of another subdivision, where practicable, of the same district: where not, then to an adjoining county of another district,” etc. When the affidavit is not one “showing the fact of such interest,” “.in the event of a cause, proceeding, motion, or matter pending before the court,” the clerk is not required to act. The State v. Winget, 37 Ohio St. 153.
It is not claimed that the affidavit here is defective in form or statement, if the allegations were true; but the de *329 fendant denies the truth of some of the allegations of the affidavit, and thus seeks to justify his refusal to do what is required of him to change the venue.
“ The interest which requires the removal of a cause, is a pecuniary interest of the judge in the event or result of the trial.” The State v. Winget, supra, 153.
That such an interest should disqualify a judge to act in such a case, is fully established. Washington Ins. Co. v. Price, 1 Hopk. Ch. 2; Livermore v. Brundage, 64 Cal. 299 ; Gregory v. C. C. & C. R. R. Co., 4 Ohio St. 675.
And when the affidavit of a party or of his counsel shows “ the fact of such interest,” has the clerk of the court any judicial or quasi judicial duties in the matter? He has such duties only as are given by statute. Generally he records the doings of the court or judge; but here the judge must not act, and the statute requires that “the clerk of the court shall enter upon the docket thereof an order directing that the papers and all matters belonging to the cause . . . shall be transmitted to the clerk of the court of common pleas of an adjoining county,” etc. There is nothing here for the clerk to try; and there is no reason why he should hear testimony in the matter, or receive counter affidavits. The clerk, on receiving the affidavit of the party or of the counsel of the party — no other one can make the necessary affidavit under the statute — must enter the order to transfer the papers and the cause.
In Witter v. Taylor, 7 Ind. 110, the court say: “ If the affidavit for a change of venue, in a civil cause, is in substantial conformity to the statute, the duty of the court to grant it is imperative. Counter affidavits are not admissible; nor can the personal knowledge of the judge in relation to the facts sworn to, be allowed to affect the application.” In that state the statute was: “ The court, in term, or the judge, in vacation, may change the venue of any civil action, upon the application of either party, made upon affidavit, showing one or more of the following causes, viz.,” etc. There the application under the statute must be supported by the affidavit of the party in person. And *330 in Shattuck v. Myers, 13 Ind. 46, the court say upon a proper application: “ The court has no discretion,” but that, “ the affidavit of his attorney will not compel the change,” but that “ it is within the sound, legal discretion of the court to grant or refuse a change of venue upon application and affidavit by a person not a party to the record.” If it is imperative upon the court, a fortiori, it will be imperative upon the clerk.
In Shoemaker v. Smith, 74 Ind. 71, the court held that a rule of court can not impair this right. The statute must govern. See also, Herbert v. Beathard, 26 Kan. 746.
In Allerton v. Eldridge, 56 Iowa, 709, Adams, C. J., said: “We may say further that, if we could see no reason whatever in the nature of things for a change in this case, we should hesitate, in view of the imperative language of the statute, to hold that a change should not be granted where the statute providing for a change had been fully complied with.” See also, Corpenny v. Sedalia, 57 Mo. 88; Taylor v. Gardiner, 11 R. I. 182.
In Knickerbocker Ins. Co. v. Tolman, 80 Ill. 106, the court say: “ The fact that the party seeking the change may have no merits, does not change the rule. The right to a change, upon complying with the statute, is secured to him by an express provision of the statute, and the courts have no power to repeal, modify, or mitigate any requirement of the statute.” Mr. Justice Walker said : “ Inasmuch as the granting of a change of venue in civil cases is not discretionary, the court below erred in not allowing the motion. This is the requirement of the statute, and such has been the uniform construction given to it.” There “ the application must be made by a party to the record, and the petition must be verified by his affidavit.” See Crowell v. Maughs, 2 Gilm. (Ill.) 422.
But the defendant claims that the judge was not a stockholder of that company, and that the affidavit is false. That question the parties to that cause may try after the transfer is made. The defendant can not rightly set up in this case, to defeat the transfer of that case, a new *331 fact that defeats the transfer, and that he had no right at first to consider. If this could be done by the clerk of the court, he would possess a dangerous power to obstruct the causes in that court, and he might burden this court. We have regarded only so much of the pleadings in this case as the parties could rightly set up; and the majority of the court think the defendant has shown no reason why he has not done what section 550 requires him as clerk to do in the case, and the demurrer is sustained.
The defendant claims that the peremptory writ of mandamus should not issue in this ease, and refers to The State v. Commissioners, 26 Kan. 419, where it is held: “The writ of mandamus is not wholly a writ of right, but .lies to a considerable extent within the sound judicial discretion of the court where the application is made, and no court should allow a writ of mandamus to compel a technical compliance with the letter of the law where such compliance will violate the spirit of the law.” We agree with that, and also ask a careful reading of another statute, section 6741 of the Revised Statutes, which provides: “ Mandamus is a writ issued in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.” This defendant is a person on whom the law specially enjoins as a duty, resulting from his office, the performance of an act which he refuses to perform. Mandamus is the appropriate remedy to compel clerks of court to perform their official duties, and there is no other adequate and specific means of relief. See High Ex. Rem., §§ 17, 24, 80-82, and cases cited.
Mandamus does not control discretion, but compels official action.
The defendant has refused to perform a specific official act, and a

Peremptory writ will issue in accordance with the prayer of the petition.

*332 McIlvaine, C. J., and Owen, J., dissent from the fourth proposition of the syllabus.