COLLINS & ARMSTRONG COMPANY V. UNITED STATES
INSURANCE COMPANY.

No. 1241.

**1. Notice to Agent—Insurance.**—Where an agent of an insurance company whose power of attorney authorizes him "to renew and consent to the transfer of policies" receives notice of an assignment by an insured party of the money due on a loss by fire, such notice is binding on the company.

**2. Same—Acceptance of Order.**—Where an insured party makes an assignment of part of the money due by an order on the agent of the insurance company, it is not necessary that the agent agree to it as agent in order to bind the company.

**3. Same—Equitable Assignment of Insurance.**—While such order may not be a legal assignment of part of the insurance money, yet where there is evidence tending to show that it was the understanding of the insured party to transfer that amount of the debt, and that the company had notice thereof, it should be left to the jury to determine whether or not it was an equitable assignment.

ERROR from the County Court of Tarrant.   Tried below before Hon. W. D. HARRIS.

*Armstrong & Flournoy,* for plaintiff in error.—1. The court erred in charging the jury, "that the order dated April 10, 1891, did not operate as an assignment of any part of the amount of loss that was due Mrs. C. Chambliss under the insurance policy testified about by the witnesses, and you can not find against the insurance company on that theory of the case;" the same being contrary to law and upon the weight of evidence.   The order was an assignment to plaintiff of the

sum of $245 out of the insurance money due from defendant to Mrs. Chambliss. 2 May on Ins., sec. 386.

2. No particular form of words is necessary to constitute a valid equitable assignment of the fund in controversy as between the assignor, Mrs. Chambliss, and the assignee, plaintiff; but any language, whether verbal or written, or partly both, showing an intent to make a present appropriation of a definite sum out of her insurance policy to plaintiff in satisfaction of her debt, is sufficient. 1 Am. and Eng. Encyc. of Law, 834.

3. It was the duty of the court to submit to the jury as an issue whether or not Mrs. Chambliss, by said order, construed in the light of all of the surrounding circumstances, intended to assign to plaintiff in error the sum of $245 out of her said insurance policy. 3 Pom. Eq. Jur., 294; Goldman v. Blum, 58 Texas, 630.

No brief for defendant in error reached the Reporter.

STEPHENS, Associate Justice.—Mrs. C. Chambliss being indebted to plaintiff in error in the sum of $245, secured it by mortgage on a piano, which, with other personalty, she caused to be insured by defendant in error.

After the property was burned, in order to appropriate to the payment of this debt that amount of the insurance policy, she executed and delivered to the agent of plaintiff in error the following order:

"Fort Worth, Texas, April 10, 1891.
"*Swayne, Allen & Goodell:*

"Gentlemen—Please pay to the order of Collins & Armstrong Company $245, balance due them on one Wegman & Co. piano, number 3855, purchased by me of the said firm January 3, 1890, which was insured in the United States Insurance Company for $400, and destroyed by fire on the night of April 6, 1891.          "C. Chambliss."

Swayne, Allen & Goodell, to whom this order was addressed, were agents of defendant in error under the following power of attorney:

"*United States Fire Insurance Company of New York.*—Know all men by these presents: That Swayne, Allen & Goodell of Fort Worth, Texas, have been appointed and constituted agents of the United States Fire Insurance Company, of the city of New York, with full power to receive proposals for insurance against loss and damage in Fort Worth and vicinity, to fix rates of premium upon such insurance, to receive moneys, to countersign, issue, renew, and consent to the transfer of policies of insurance signed by the president and attested by the secretary of said company, subject to the rules and regulations

of said company, and to such instructions as may from time to time be given by its officers." [Signed by the President and Secretary.]

The proof tended to show that Swayne, Allen & Goodell were presented with this order as the agents of defendant in error, and that it was the intention of Mrs. Chambliss, by the execution and delivery of the order, to appropriate that amount of the policy to the payment of the debt due plaintiff in error, and that the order was so accepted by plaintiff in error, of which Swayne, Allen & Goodell had notice before the amount of the policy was paid to Mrs. Chambliss. As these agents were authorized to "countersign, issue, renew; and consent to the transfer of policies of insurance," and as the insurance company acted through them in the payment of the policy in question, we are of opinion that they were acting within the scope of their powers when they received notice of the assignment; and therefore, notice to them was notice to defendant in error.

There was some conflict in the evidence as to what passed between these agents and the other parties. It became, we think, a question for the jury under appropriate instructions from the court, whether this order, when read in the light of all the testimony, was intended as a transfer to plaintiff in error of that amount of the insurance policy; and whether, in paying the full amount of the policy to Mrs. Chambliss, the defendant in error had notice of such assignment.

In speaking of an equitable assignment, the Court of Appeals of New York used this language: "The test is an inquiry whether the debtor would be justified in paying the debt, or the portion contracted about, to the person claiming to be assignee." Fairbanks v. Sargent, 6 L. R. A., 475.

Under the facts disclosed by this record, if defendant in error had paid the amount of the order to plaintiff in error, it seems clear to us that it would have been justified in so doing. At least, there was evidence from which this conclusion might have been drawn.

It was not necessary, in order to make it obligatory upon the agents of defendant in error to respect this assignment, that they as agents of the insurance company should have accepted and agreed to pay the same. The charges, therefore, to which the second and third errors are assigned, in conflict with the views here expressed, were erroneous, and require that the judgment be reversed.

The cause will be remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*

Delivered June 20, 1894.