FIRST NATIONAL BANK OF RAPID CITY V. McGUIRE.

1. An application to set a cause down for trial before some other judge, on account of the interest of the first judge, and the order denying the application, are papers "involving the merits and necessarily affecting the judgment," within Comp. Laws, § 5013, constituting such papers a part of the judgment roll.

2. A judge whose wife is a stockholder in a corporation is disqualified to try a cause in which the corporation is interested.

3. Where a judge is disqualified by interest to try a cause, a party does not waive his right to object to the judge taking jurisdiction by asking for affirmative relief, since the disqualification is jurisdictional.

(Opinion filed November 22, 1899.)

Appeal from circuit court, Pennington county.    Hon. WIL-LIAM GARDNER, Judge.

Action by the First National Bank of Rapid City against Michael McGuire to foreclose a pledge.    From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.    Reversed.

*Charles W. Brown* and *James Boyd,* for appellant.

When a judge is a stockholder of a corporation, he is, both at common law and under our statute, disqualified, by pecuniary interest, to try or determine any cause to which the corporation is a party.    Cooley Cons. Limit. 411-413; Washington

Ins. Co. v. Price, I Hopkins Ch. 1; Adams v. Minor, 53 Pac. 815; Williams v. Bank, 27 S. W. 147; City of Austin v. Nalle, 22 S. W. 668, 960; Templeton v. Gidding, 12 S. W. 851; Gregory v. Railroad Co., 4 O. St. 675; Peninsular Railway Co. v. Howard, 20 Mich. 18; Scockwell v. Township Board, 22 Mich. 341; Moses v. Julian, 84 Am. Dec. 114; Clark v. Lamb, 2 Allen, 396; Pierce v. Atwood, 13 Mass. 324; State v. Young, 19 L. R. A. 637; North Bloomfield G. M. Co. v. Keyser, 58 Cal. 315; § 146 Freeeman on Judgments; § 163 Wells Jurisd. of courts; Laws of 1890, page 135.

Husband and wife are one in law and her interest is his interest, and the fact that the judge's wife is a party is sufficient to recuse him on the ground of personal interest whether she is separate from him in property or not. §§ 2533, 2586, 2588, 2589, Comp. Laws; Wells Jurisd. Courts, § 170; Hymnis conces sion, 30 La. An. 460; Hall v. Thayer, 105 Mass. 219; 12 Am. & Eng. Enc. of Law 41.

The judgment is absolutely void on account of the disqualification of the judge, and the fact that the defendant was compelled to apply to the same judge, in another action, for a temporary injunction to prevent a threatened irreparable injury would not waive or remove the disqualification. Cooley Cons. Limit. 413; Oakley v. Aspinwall, 3 N. Y. 547; Gregory v. Railroad Co., 4 O. St. 675; Templeton v. Giddings, 12 S. W. 851; People v. De la Guerra, 24 Cal. 77; Estate of White, 37 Cal. 190; Peninsular Railway Co. v. Howard, 20 Mich 18; Wells Jurisd. of courts, § 170.

*Fowler & Whitfield,* for respondent.

The trial judge was not disqualified to try the case, nor is the judgment void by reason of the fact that his wife was a

stockholder in the plaintiff bank.   Const. Art. 5 § 31; Bruce v. Dickey, 116 Ill. 527; Chap. 78, §17, Laws 1890; §§ 2590, 2591, 2593, 2594, Comp. Laws; McCanley v. Weller, 12 Cal. 524; Hayne New Trial and Appeal, 112; Beatty v. Dixon, 56 Cal. 619; State v. Chapman, 1 S. D. 418; State v. Radway, 1 S. D. 575; Terr. v. Eagan, 3 Dak. 125.

CORSON, P. J.   This was an action for the foreclosure of pledged collateral given by the defendant to secure the payment of two certain promissory notes, one for $5,000 and the other for $1,500, payable to the order of the plaintiff.   The complaint is in the usual form.   To this complaint defendant filed an answer admitting certain allegations in the complaint, denying certain others, and interposing a counterclaim.   Before the trial of the case the defendant presented the following petition and application:   ''To the Above Entitled Court:   The petition of Michael McGuire, the above-named defendant, repectfulty shows that he is informed and believes, and therefore alleges,that the wife of the Hon. William Gardner, the presiding judge of this court, is the owner of fifty shares of the capital stock of the plaintiff corporation, and is also a director thereof, the total stock of the said corporation being five hundred shares; each of the par value of one hundred dollars, and that your petitioner fears that the said judge might for that reason be unconsciously prejudiced or biased in the consideration of said cause.   Wherefore your petitioner respectfully prays that the said judge will not proceed further herein, but will cause the said action to be placed upon the special calendar, and be set down for trial before some other circuit judge of the said state.''   On the hearing of this petition the court made the

following order: "* * * And upon said hearing it appearing to the satisfaction of the court that defendant has submitted to the jurisdiction of the court by applying for and obtaining an injunctional order regarding the same subject-matter * * * and the court having heard the arguments of counsel for and against said petition, and being fully advised in the premises, * * * it is ordered that said petition be, and the same is, in all things denied. * * * To which ruling and decision the defendant at the time duly excepted, and said exception is by the court allowed and settled." The cause was tried by the court, and it made findings of fact and entered judgment in favor of the plaintiff, and from this judgment and an order denying a new trial the defendant has appealed to this court.

No bill of exceptions has been settled in the action. The respondents therefore make the point in this case that, there being no bill of exceptions, the petition and order of the circuit court are not properly before this court for review. Respondents are correct in their contention, unless the petition and order are properly part of the judgment roll. We are inclined to the opinion that they do constitute a part of such roll. Section 5013, Comp. Laws, defining what shall constitute the judgment roll, reads as follows: "Unless the party or his attorney shall furnish the judgment roll, the clerk, immediately after entering the judgment, shall attach together, and file the following papers, which shall constitute the judgment roll; * * * 2. In all other cases, the summons, pleadings or copies thereof, and a copy of the judgment, with any verdict or report, the offer of the defendant, exceptions, case and all orders or papers in any way involving the merits and neecessarily affecting the judgment." It will be noticed that "all orders or papers in any

way involving the merits and necessarily affecting the judgment" constitute a part of the judgment roll. In the case at bar it is contended by the appellant that the petition and order not only affected the merits of the case, but affected the jurisdiction of the court to such an extent that after the filing of such petition, assuming the facts therein stated to be true, it could not lawfully proceed further with the trial of the said cause. We think this is correct, and the petition and order necessarily affected the judgment, and properly constituted a part of the judgment roll. Our conclusion, therefore, is that this petition, order, and exception taken thereto, are properly before us.

Assuming that the statement made in the petition, that the wife of the trial judge owned 50 shares of the capital stock of the plaintiff bank at the time the case came before the lower court for trial, is true, the question is fairly presented, was the trial judge qualified to proceed with the trial of the said cause? It is well settled law that a judge who is interested in an action is disqualified to try or determine the same. So firmly is this established that Cooley, in his work on Constitutional Limita tions, lays it down as a rule that it is not competent for the legislature, even, without the aid of some constitutional provision to permit a judge who is interested to sit at the trial of the cause. Cooley, Const. Lim. (5th Ed.) 403-410; Insurance Co. v. Price, 1 Hopk. Ch. 1; Adams v. Minor, (Cal.) 53 Pac. 815; Williams v. Bank, (Tex. Civ. App.) 27 S. W. 147; Nalle v. City of Austin, (Tex. Sup.) 22 S. W. 668; Templeton v. Giddings, (Tex. Sup.) 12 S. W. 851; Gregory v. Railroad Co., 4 Ohio St. 675; Railway Co. v. Howard, 20 Mich. 18; Stockwell v. Board, 22 Mich. 341; Moses v. Julian, 84 Am. Dec. 114; Clark v. Lamb, 2

Allen, 396; Pearce v. Atwood, 13 Mass. 324; State v. Young, (Fla.) 12 South. 673, 19 L. R. A. 637; Mining Co. v. Keyser, 58 Cal. 315; Freem. Judgm. § 146. In Insurance Co. v. Price, *supra,* the court says: "It is a maxim of every code, in every country, that no man should be judge of his own cause. The learned wisdom of enlightened nations, and the unlettered ideas of ruder societies, are in full accordance upon this point; and, wherever tribunals of justice have existed, all men have agreed that a judge shall never have the power to decide where he is himself a party. The reasons which render this principle just and necessary are obvious; and whatever may be the exceptions to the general infirmities of human nature, this rule has no exception in its terms or its policy, and it should accordingly be universal and inflexible in its operation. In England it has always been held that, however comprehensive may be the terms by which jurisdiction is conferred upon a judge, the power to decide his own cause is always a tacit exception to the authority of his office. Finch, Common Law, 19; 4 Coke, 118; Wing. Max. 170. Such, I conceive, is also the law in this state. Though the principle that a party can never act as judge is not declared by our constitution or statute, yet, as it is a maxim of universal justice, and is undoubted law in England, it exists here as it exists there, a rule of the common law. It is not left to the discretion of a judge, or to his sense of decency, to decide whether he shall act or not. All his powers are subject to this absolute limitation, and when his own rights are in question, he has no authority to determine the cause."

Neither the constitution nor the statutes of this state have prescribed what shall constitute a disqualification of a supreme or circuit judge, other than that provided in Article 5, § 31, of

the Constitution, which reads as follows: "No judge of the supreme court or circuit court shall act as attorney or counselor at law, nor shall any county judge act as attorney or counselor at law in any case which is or may be brought into his court, or which may be appealed therefrom." Neither counsel has cited any case bearing directly upon the question before us, and this court, in its researches, has not been able to find one. The question must therefore be treated as one of first impression. The wife of the judge of the circuit court, being the owner of one-tenth of the capital stock of the said bank, was, though not a party named in the record, directly interested in the result of the action; and it would seem to be an anomaly for her husband to sit as judge in a case where she was so directly interested. While it is true that the husband, in this state, is not directly interested in the property of his wife during her life time, and that she may incumber or dispose of it without his consent, yet he is by law entitled to succeed to a portion of his wife's estate upon her decease, and will be, in law, presumptively an heir to her estate. Section 3401. Comp. Laws. The husband is therefore indirectly, if not directly, interested in the property of his wife. And it is certain that no suitor in an action would feel entire confidence that he could obtain justice, in which the wife of the judge presiding was interested adversely to him. If a judge, therefore, would not be qualified to sit, as being an interested party, it would seem that the same reason should disqualify him from sitting in a case where his wife is interested as a party. There may be cases in which the trial judge would not be influenced in the slightest by the fact that his wife was interested in the action, but as stated in the petition in this case, such judge might be uncon-

sciously prejudiced or biased in the consideration of said cause; and it is to avert this danger, and to preserve the purity, of the courts and the confidence of the community in their fairness and integrity, that the judge so situated should be held disqualified. It is the safer rule to hold that the fact that the judge's wife is interested in the action absolutely disqualifies him from sitting in the case. We think it, therefore, our duty to apply the same rule to this case that we would have applied, had the judge himself been the owner of the 50 shares of stock, instead of his wife.

The contention is made on the part of the respondent that the appellant waived his right to object to the judge taking jurisdiction of and trying the cause by applying to the said court for an injunctional order relating to the same subject-matter. It is doubtful if the proceeding referred to is before this court on this appeal. It is true, the learned circuit court, in making the order refers to the fact that such an application had been made to the court, and seems to base its order denying the petition on that ground. But, assuming that the appellant did find it necessary to apply to the circuit court or judge for an injunctional order, to prevent some irreparable injury to himself, it cannot be said that he thereby conferred jurisdiction upon the court to try the merits of the cause now before us. If the view we take of the case, that the judge of the circuit court was indirectly interested, and was therefore disqualified from sitting in the case, is correct, then it follows that the judgment entered in the case was entered without jurisdiction on the part of the court. Judge COOLEY states the rule thus: "Nor do we see how the objection of interest can be waived by the other party. If not taken before the decision is rendered, it will

avail in the appellate court, and the suit may be dismissed on that ground.

The judge acting in such case is not simply acting irregularly but he is acting without jurisdiction." Cooley, Const. Lim., (5th Ed.) 510; Freem. Judgm., *supra.* We are of the opinion, therefore, that the learned circuit court was in error in holding that the fact that appellant had applied for an injunctional order regarding the same subject-matter constituted a waiver of his right to object to the judge proceeding with the trial of the said cause.

Without, therefore imputing to the learned circuit judge, in the slightest, any improper motive for proceeding with the trial of the said cause, or believing for a moment that the fact that his wife was interested could or did influence his decision in the case, still we must hold that he was absolutely disqualified from sitting in the case, and that the judgment entered therein must be reversed. The judgment of the circuit court is reversed.