## STATE v. HAM.

There being no disqualification of a circuit judge prescribed by the Constitution or statute other than Const. art. 5, § 31, providing that no circuit judge shall act as attorney, and Code Cr. Proc. § 292, that defendant may file an affidavit of prejudice, resort must be had to the common law to determine the question of disqualification.

Any disqualification of a judge based on public policy, and existing only for the benefit of the party as a privilege, may be waived.

Code Cr. Proc. § 292, permitting accused to file an affidavit of prejudice against the trial judge, is intended for the benefit of accused solely, and, where accused withdraws such an affidavit theretofore filed, he cannot be heard to complain after conviction that it was not within his power to waive the disqualification created by his filing such affidavit.

The court is not required to instruct as to witnesses being accomplices and the corroboration necessary in the absence of request.

(Opinion filed, Feb. 9, 1910.)

Appeal from Circuit Court, Charles Mix County. Hon. E. G. SMITH, Judge.

John Ham was convicted of grand larceny, and, from the judgment of conviction and an order denying a new trial, he appeals. Affirmed.

See, also, 21 S. D. 598, 114 N. W. 713.

*Aikens & Judge,* for appellant. *S. W. Clark, Atty. Gen., Cloyd D. Sterling, Asst. Atty. Gen.,* and *J. E. Tipton, State's Atty.,* for respondent.

McCOY, J. Information was filed charging defendant with having committed the crime of grand larceny in having stolen a number of cattle belonging to Coppersmith, Reid & Comer, in Charles Mix county. Trial was had and verdict rendered finding defendant guilty. Motion for new trial was overruled, and defendant appeals, assigning various errors.

It appears from the record that before the trial was begun, on June 12, 1908, defendant made and filed affidavit that he believed he could not have a fair and impartial trial before the presiding judge, Hon. E. G. Smith, before whom said trial was about to take place. One June 17 following no order transferring the cause to some other circuit judge having been made,

and no circuit judge yet having been called to try the case, defendant appeared with his attorney and filed a written paper as follows: "Comes now John Ham, defendant herein, and withdraws the affidavit of prejudice against the court herein filed, and respectfully asks that the same be canceled and expurged from the record, and defendant states that he now has no feeling whatever that the honorable E. G. Smith, presiding, will give him other than a fair and impartial trial in this case. Defendant states that every effort will be made to begin this trial Thursday June 18th, 1908. [Signed] John Ham, Defendant. Geo. W. Egan, Atty. for Defendant." Upon the filing of said paper, the trial of said cause then proceeded before the Honorable E. G. Smith, judge of said circuit court, the same as if said affidavit of prejudice had not been filed. It is now urged by defendant that, by reason of the filing of said affidavit of prejudice, Hon. E. G. Smith became forever disqualified to hear said case, and that the subsequent filing of the withdrawal paper signed by defendant and his attorney could not reinvest or clothe the said judge with judicial authority or jurisdiction to hear or try said cause, and that it was not within the power of the defendant or his attorney to waive the disqualification caused and produced by the filing of said affidavit of prejudice. We are of the opinion that appellant's contention is not tenable. It will be observed that there is no disqualification of circuit judge prescribed by the statute or Constitution of this state other than that provided in article 5, § 31, State Const., which provides that no circuit judge shall act as attorney or counselor at law, and other than section 292, Code of Cr. Proc., providing that defendant at any time before trial may file an affidavit of prejudice against the trial judge. Therefore we must resort to the common law. This seems to be the rule heretofore recognized by this court. Bank v. McGuire, 12 S. D. 226, 80 N. W. 1074, 47 L. R. A. 413. By the common law the judge must not be a party nor otherwise interested, and he must not be within the too near relationship of the party, which commonly, by the unwritten rule, includes the fourth degree of consanguinity or affinity. Bishop, Crim. Pr. § 314. This rule seems to have been estab-

lished out of reasons of public policy, and where a judge is interested as a party, or otherwise, or is within the prohibited degree of relationship to a party, the disqualification cannot be waived by consent of either or both parties, because, when the disqualification exists by reason of the interest or relationship of the judge, the consent to waive does not remove the disqualification, but the disqualification still exists notwithstanding the consent and waiver. It is against the policy of the law to permit a judge who is interested or within the forbidden degree of relationship to sit in the trial of the cause, although the parties may consent thereto. Moses v. Julian, 45 N. H. 52, 84 Am. Dec. 114; Chambers v. Hodges, 23 Tex. 113; Bank v. McGuire, 12 S. D. 226, 80 N. W. 1074, 47 L. R. A. 413; Oakley v. Aspinwall, 3 N. Y. 547.

The rule seems to be well established that any disqualification of a judge which is not forbidden by some rule of public policy, and which exists only for the benefit of the party as a privilege, may be waived. The doctrine of waiver as applied to criminal procedure seems to be that "If, except when some counter doctrine presses with superior force forbidding, a party has requested or consented to any step taken in the proceedings, or if at the time for him to object thereto he did not, he cannot afterwards complain of it, however contrary it was to his constitutional, statutory, or common-law rights. Necessity is the chief foundation of this doctrine. Without it a cause would rarely be kept from miscarrying." Bishop, Crim. Pr. §§ 118, 119. But, whatever may be the doctrine of other jurisdictions, whether based on statutes or the common law, we are of the opinion that section 2412, Civ. Code, establishes the rule in this state, which provides that any one may waive the advantage of a law intended solely for his benefit; but a law established for a public reason cannot be contravened by a private agreement. The statute of this state (section 292, Code Cr. Proc.) permitting a defendant to make and file affidavit of prejudice against the trial judge seems to us to be a statute solely for the benefit of defendant, and in no manner contravenes

any statute or other law upon the question of public policy. The disqualification arises solely from the effect of the making and filing of the affidavit, and does not exist without such affidavit, and under such circumstances, where a defendant withdraws from record the affidavit of prejudice, as he would have a right to do, and requests the trial to proceed as if such affidavit had not been made and filed, he should not be heard to complain after conviction. Bishop on Crim. Pr. § 118, says: "In natural reason one should not complain of a thing done with his consent. And the law in all its departments follows this principle. It is analogous to estoppel, or a species of it. Like any other legal doctrine, the circumstances of a particular instance may compel it to give way to another." In this case we have failed to discover any other superior or controlling doctrine that the waiver should give way to. Again, it seems to be a well-recognized principle of law that disqualification of a judge may be removed. 23 Cyc. 598. In proceedings under the common law objection to a disqualified judge might we waived by a party so as to preclude him from afterwards taking advantage of it. 17 Am. & Eng. Ency. p. 742. Appellant has cited Oakley v. Aspinwall, 3 N. W. 547, as sustaining his contention, but in that case the disqualification existed by reason of the relationship, the consanguinity of the judge, and falls clearly within the public policy doctrine which prevents a waiver of such disqualification by consent of the parties. In that case the consent of the parties did not remove the disqualification of the judge. The court said: "Whatever a party may consent to do the state cannot afford to yield up its judiciary to such attack and criticism as will inevitably follow upon their decisions made in disregard of the provisions of the law." In the case at bar no such prohibition of law enters into the question. The disqualification in this case arose only as a presumption from the act defendant himself in making the affidavit of prejudice, which he afterwards withdrew and canceled of record, thus removing all presumption of prejudice and also removing the disqualification. So far as the record discloses, there never was any actual disqualification of the trial judge. The case of Oakley v. Aspinwall is not applicable to the circumstances of this case.

Many assignments of error relating to rulings on the reception and exclusion of evidence are urged, all of which have been examined, and we are of the opinion that no prejudicial error exists therein sufficient to justify a reversal of the case.

Appellant also urges that the evidence is insufficient to justify the verdict and that the court should have fundamentally instructed the jury, without request therefor, as to certain witnesses for the state being accomplices, and as to the corroboration of the testimony of such witnesses, but we are of the opinion that the evidence was sufficient to sustain the verdict, and that the trial court was not required to give such instructions to the jury of his own motion, in the absence of a request therefor.

Finding no error in the record, the judgment and order denying a new trial are affirmed.