PRENTICE et. al. v. SECURITY INS. CO. et al.

(Court of Civil Appeals of Texas. Austin. June 26, 1912. Rehearing Denied Nov. 13, 1912.)

1. INSURANCE (§ 640*) — ACTIONS — ALLEGATIONS OF ANSWER—ASSIGNMENT OF INTEREST.

The answer in an action to recover the amount of a fire policy alleged that insured executed a note to defendant which was not paid at maturity, and afterwards gave him an order addressed to the local agent of the insurance company directing the company to pay defendant the amount of the note, and that, in settlement of the policy, the insurance company agreed to pay defendant a certain sum in full settlement of all claims against it, which insured consented to accept provided defendant would accept the sum in full settlement of his claim under the note and dismiss the suit he had instituted thereon, which defendant agreed to do, of all of which the insurance company was notified. Held, that the answer alleged an actual transfer and assignment of the proceeds of the policy by insured to defendant with the insurance company's consent in payment of the amount of the note.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1609–1612, 1614–1624; Dec. Dig. § 640.*]

2. INSURANCE (§ 199*)—ASSIGNMENT OF FIRE POLICY—VALIDITY.

Under Rev. St. 1895, art. 308, permitting the obligee of any written instrument not negotiable by the law merchant to assign his interest therein, insurance policies are assignable in the same manner as other choses in action.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 468; Dec. Dig. § 199.*]

3. INSURANCE (§ 594*)—ASSIGNMENT OF PROCEEDS—ACCEPTANCE BY COMPANY.

An assignment of the proceeds of a fire insurance policy need not be accepted by the company's agent in order to become effective, if the company had notice of the assignment.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1455–1458, 1483; Dec. Dig. § 594.*]

4. INSURANCE (§ 594*)—ASSIGNMENT OF PROCEEDS.

An instruction which required a finding that all parties to a contract assigning an interest in an insurance policy must have agreed to its terms at the same time to make it effective was properly refused.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1455–1458, 1483; Dec. Dig. § 594.*]

5. TRIAL (§ 248*)—INSTRUCTIONS—REQUEST—ABSTRACT INSTRUCTIONS.

A requested instruction embodying mere abstract propositions of law and referring to certain conditions without stating what they were was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 582, 583; Dec. Dig. § 248.*]

6. INSURANCE (§ 594*)—ASSIGNMENT OF PROCEEDS—FRAUD BY INSURER—EFFECT ON ASSIGNEE.

If the assignee of the proceeds of a fire policy had no knowledge of fraud by the insurance company in adjusting the loss with insured, another claimant to the proceeds could not rely upon the fraud as against such assignee.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1455–1458, 1483; Dec. Dig. § 594.*]

7. INSURANCE (§ 594*)—ASSIGNMENT OF PROCEEDS—CHOSE IN ACTION—ORDER.

To pass an interest in a chose in action by an order of assignment, the order must be drawn against a specified fund, a mere order for a designated sum of money drawn against a debtor not being sufficient; but an order by an insured addressed to the local agents of the company, requesting them to pay to defendant "out of my insurance policy the amount of the note" executed by insured and dated as stated therein, and to retain the note after its payment subject to insured's order, was drawn against a specified fund within the rule, so as to operate as an assignment thereof to defendant.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1455–1458, 1483; Dec. Dig. § 594.*]

8. INSURANCE (§ 594*)—ASSIGNMENT OF PROCEEDS—CHOSE IN ACTION—BONA FIDE PURCHASER.

Since a fire insurance policy, the proceeds of which were assigned by a written order, was nonnegotiable, no question of bona fide purchaser without notice could arise with respect to conflicting claimants; the rule that the first in time is the first in right obtaining.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1455–1458, 1483; Dec. Dig. § 594.*]

9. INSURANCE (§ 594*)—ASSIGNMENT OF PROCEEDS—BONA FIDE PURCHASER.

Where it was agreed when plaintiff sold land in consideration of an assignment of an interest in a fire policy that the deed should not be delivered to insured until plaintiff received the proceeds of the policy, no question of innocent purchaser could arise as between plaintiff and another assignee of such proceeds.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1455–1458, 1483; Dec. Dig. § 594.*]

Appeal from Brown County Court; A. M. Brumfield, Judge.

Action by J. J. Prentice and others against the Security Insurance Company and others. From a judgment for defendant named against plaintiffs and against the insurance company in favor of an unnamed defendant, plaintiffs appeal. Affirmed.

E. J. Miller, of Brownwood, for appellants. C. L. McCartney, of Brownwood, for appellee.

RICE, J. This suit arose out of the conflicting claims of rival contestants to the proceeds of an insurance policy, based on alleged assignments thereof to each of them, and is brought by appellants, claimants under one of said transfers, against appellee, said insurance company, F. M. Smith, and B. J. Fitzgerald, to determine the respective merits of said controversy; alleging that the Security Insurance Company on the 24th of March, 1908, issued a policy in the sum of $600, through its agents Henley & Co., to one J. P. Messick, insuring his residence, situated in Brownwood, against loss by fire, for a period of three years from the 4th of April, 1908; that Messick subsequently executed a deed of trust upon said property in favor of Fitzgerald, but that Fitzgerald had no further interest in said deed of trust, because the same had been paid off and released; that on the 10th of September, 1910, while said policy of insurance was in full force and effect, said residence was destroyed by fire, of which loss said company was duly notified, and became legally bound to pay to said Messick, or his assigns, the full sum of $600; that said Smith was asserting some claim to the proceeds of said insurance policy, for which reason he was made defendant; that subsequent to said fire, and after maturity of said policy, to wit, on the 12th of January, 1911, the said Messick, being then the sole owner thereof, assigned and transferred the same for a valuable consideration to appellant Prentice, who thereafter conveyed three-fourths of his interest therein to appellant Miller, praying for judgment against said insurance company for the full amount of said policy with interest thereon and against Fitzgerald and Smith for any rights or claims therein. Both Messick and Fitzgerald filed disclaimers, and defendant Smith, after several special exceptions, answered that on the 12th of March, 1910, Messick and Porter executed to him certain promissory note in the sum of $449.-87, bearing interest and attorney's fees, due 60 days after date, and, having failed to pay the same at maturity, he instituted suit on said note against the makers thereof on the 8th of July, 1910, causing an attachment to be issued on said date and levied upon the residence of Messick covered by said policy, and that on the 4th of October, 1910, Messick gave to him an order addressed to Henley & Co., the local agents of said insurance company, directing said company to pay to him (Smith) the amount of said note, interest, attorney's fees, and court costs, and that, in settlement of said policy, said insurance company agreed to pay him $450 in full settlement of all claims against it thereunder, which Messick consented to accept, provided he, Smith, would accept the same in full settlement of his claim under said note, and dismiss said suit, releasing the attachment lien, which he agreed to do, of all which facts said insurance company was promptly notified; that from and after said date he stood ready to perform all of said agreements upon payment of said $450, wherefore the said insurance company became liable to him for the payment of said $450, with interest thereon, and he prayed judgment against it for said sum, as well as judgment against Messick and Porter, establishing his debt and foreclosing his attachment lien, as well as that plaintiffs take nothing by their suit. The insurance company likewise answered, and, after setting up various defenses asserting nonliability on said policy, pleaded the same facts as alleged by Smith, and asked that Messick, who was asserting some kind of interest or right in said policy, be made party defendant to this suit.

Appellants by their second supplemental petition addressed several special exceptions

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

to the sufficiency of the defendants' answers, alleging, among other things, that the agreements pleaded by them were in effect nothing more than conditional and executory undertakings and never in fact became executed, nor were they accepted by the company, and that appellants never had any notice of such negotiations, and that no consideration moved to the insured, which would support any such alleged agreement, and, if such agreements were made, that they were induced by fraud of defendants, etc.

The court overruled all of said special exceptions, and a jury trial resulted in a verdict and judgment in favor of the insurance company as against appellants; and, further, in favor of Smith as against the insurance company for the sum of $450, from which judgment appellants alone have prosecuted this appeal, contending, in effect, by their first two assignments that the court erred in overruling their special exceptions to the answer of Smith and the insurance company, on the ground that the same did not constitute a valid assignment or transfer of the proceeds of said policy of insurance, but were merely executory agreements relating thereto.

[1] We overrule said contention, because, after a careful consideration of said answers, we hold that they, in effect, allege an actual transfer and assignment of the proceeds of said policy by Messick to Smith in payment of the sum of $450, which was consented to by the insurance company, for which reasons we overrule these assignments.

[2] Insurance policies, as well as other choses in action, may be the subject of assignment under article 308, Rev. St. 1895. East Texas Fire Ins. Co. v. Coffee, 61 Tex. 291; also see Harris County v. Campbell, 68 Tex. 22, 3 S. W. 243, 2 Am. St. Rep. 467; Clark v. Gillespie, 70 Tex. 513, 8 S. W. 121.

[3] It was not necessary for the agent of the company to accept said assignment and agree to pay the proceeds of the policy to Smith before it would become effective. It was only necessary to notify said company thereof. See 4 Cyc. p. 35, subd. 5. But in the present case it is alleged and shown that the company was not only notified of said transfer, but in fact agreed thereto; for which reason, it seems, it was actually bound thereby. See Collins v. United States Ins. Co., 7 Tex. Civ. App. 581, 27 S. W. 147.

The contention in this case was not over the priority of the respective assignments of said policy, but was based upon the ground, as contended by appellants, that the pleadings and evidence failed to show an actual transfer thereof by Messick to Smith, but only showed an executory agreement for such transfer or assignment. The facts, we think, abundantly establish the contention of Smith that there was an actual transfer and assignment of the policy by Messick to him, which was agreed to and accepted by the company long before the alleged transfer of the same by Messick to appellants; and the issues so raised by the pleadings and evidence were clearly submitted to the jury in the main charge.

[4] Appellants, however, urged that the court erred in declining to give their two special charges, the first of which was properly refused for several reasons, among others, as suggested by appellee, that it in effect required the jury to find that all the parties to the contract must have agreed to its terms at the same time before it was binding.

[5] It was likewise objectionable on the ground that it stated mere abstract propositions of law without applying them to the facts, and referred to certain conditions mentioned, without stating what the conditions were.

[6] Appellant's second special charge, undertaking to submit the issue of fraud on the part of the insurance company in adjusting the loss with Messick, was, we think, likewise properly refused, for the reason that it is not shown that Smith had any knowledge of or was in any sense a party to such alleged fraud or connected therewith. Besides, we are not inclined to believe that any one except Messick could take advantage thereof; and since he is urging no such defense, but has filed a disclaimer, the issue was not involved in this controversy. During the trial defendant Smith introduced over appellant's objection the following order: "10–4–10. Messrs. E. B. Henley & Co., City—Gentlemen: You will please pay to A. E. Wilson for F. M. Smith out of my insurance policy the amount of the note for the sum of $449.87 dated March 12th, 1910, bearing interest at the rate of ten per cent. per annum from date, and providing for attorney's fees, if not paid when due; also all court costs, said note being executed by G. W. Porter and J. P. Messick. After you have so paid this note you will retain the same subject to my order. Very truly yours [Signed] J. P. Messick." Appellants objected to the introduction of this order, as shown by their bill of exception, on the ground that the same was not an assignment of any part of the cause of action sued upon, was not acted upon as such by the parties, and was not drawn upon any particular fund, nor upon the company nor upon any one who had authority to accept the same; and by their proposition under their fifth assignment assert that an order given upon a fund or chose in action is not admissible to affect the rights of the bona fide assignee for value, without notice, where the order is not by its terms and in effect an assignment thereof. No authorities are cited in support of this contention.

[7] It is true that no interest is acquired in a chose in action by a mere order for a designated sum of money drawn against a debtor. In order to acquire such interest, the order must be drawn against the specific fund itself. See Harris County v. Campbell,

supra. It will be observed that the order in question was, in effect, drawn upon a specific fund, was directed to the agents of the company, and the evidence shows was finally sent to the company itself, who subsequently effected an adjustment with the insured based thereon.

[8] No question of bona fide purchaser for value without notice can arise here, since the instrument itself was nonnegotiable. Hence the rule obtains that the first in time is the first in right.

[9] But, even if the doctrine of innocent purchaser could be held to obtain, the same is not applicable here, for it appears from the evidence that it was expressly agreed that the title to the land which formed the basis of the consideration of the transfer to appellant should not pass and the deed should not be delivered to Messick until they received the proceeds of said policy; for which reason appellants' fifth assignment of error should be overruled.

The remaining assignments have been considered, and are regarded as without merit, for which reason they are overruled.

Finding no error in the judgment of the court below, the same is in all things affirmed.

Affirmed.