MARIA FERNANDEZ *v.* J. M. CAMARA, Administrator of the Estate of JOSE C. PACHECO, deceased.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 7, 1899.     DECIDED NOVEMBER 13, 1899.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE PERRY IN PLACE OF JUDD, C.J., ABSENT.

Where two persons living together as husband and wife have conducted a common enterprise, no action lies by her against him, or his representative after his death, to recover the excess of what she put in over what he put in, not as a loan to him or at his request.

Ordinarily one partner cannot sue at law another partner for a balance until there has been an accounting and a balance has been struck.

The evidence in this case is too uncertain and vague to justify a submission of the issues involved to the jury or, if submitted, a finding thereon for the plaintiff.

OPINION OF THE COURT BY FREAR, J.

This is an action of assumpsit. At the close of the plaintiff's evidence, the defendant moved for a non-suit, which was granted, to which ruling an exception was taken, and the sole question now presented is whether the trial judge erred in granting the non-suit.

The complaint contains three counts. The evidence shows that the plaintiff relied on the third only, in which she claims $1,000 as money advanced by her to the defendant's decedent, Pacheco, for the purpose of maintaining his share of the expense of a dairy which they were carrying on together, in consideration whereof, it is alleged, the said Pacheco promised to pay, etc.

The case proceeded on the theory that there was a partnership in which the plaintiff and Pacheco had equal interests. The plaintiff herself was the principal witness. Her testimony shows that many years ago she was a servant in Pacheco's family in Saint Michael; that after a few years Pacheco and his wife separated, three of their children remaining with Pacheco; that the plaintiff then continued in the family as wife and mother though not married and that she had three children by Pacheco, two of whom died; that she and Pacheco came to these islands and worked for a time at Waialua, Oahu, and put their earnings into a common fund; that they afterwards moved to Honolulu and for some years past together conducted a dairy at Pauoa in Honolulu; that each of them worked outside, she as a dress-maker, he as a stone cutter, besides doing work at the dairy; that one of his sons by his former wife lived with them there and for some time paid a portion of his earnings for his board; that she did cooking and washing for the household and that he got drunk more or less; and that the earnings of the dairy, his and her outside earnings and what the son paid, all went into a com-mon fund out of which the dairy and household expenses were paid. Her testimony consisted largely of statements that this or that sum of money was paid for cows or rent for the pasture land, etc., at various times out of the common fund and that re-ceipts were taken sometimes in her name, sometimes in his name and sometimes in both their names and that she did not know how much of each payment came out of her money or how much out of his, but that she must have paid a great deal more than he because she earned more than he on the outside, as she worked steadily while he was often idle. No arrangement was ever made as to what share of the expenses each should bear. There never was an accounting.

The third count is not founded on an express promise. It is based on an implied promise to pay back money advanced by the plaintiff to Pacheco to maintain his share of the expenses of the dairy, but it is neither alleged nor proved that he requested her to loan him any money for that purpose or for any other purpose

nor is it shown that she ever let him have any money as a loan. The evidence shows that the plaintiff and Pacheco as husband and wife conducted the dairy as a common enterprise as they did the home and that this is really an action to recover the excess of what she put in over what he put in, not as a loan to him or at his request. Even if it be assumed that a regular partnership existed, still one partner cannot ordinarily sue at law another partner or his representative for a balance until a balance has been struck. In this case there has been no accounting and no balance has been struck and it would be difficult to imagine a case in which the evidence could be more uncertain and vague as to what each partner contributed to the joint enterprise. At best the jury could only make a wild guess.

The exceptions are overruled.

*Magoon & Silliman* for the plaintiff.

*C. Creighton* and *A. G. Correa* for defendant.