J. ALFRED MAGOON, Trustee for Sophie K. Wiley and J.
     W. Wiley, and CHUN KIN FONG *v.* C. LAI YOUNG.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 16, 1902.          DECIDED·JULY 28, 1902.

As a rule, in equity, *cestuis que trust* should be made parties to suits
     by trustees.

OPINION OF THE COURT BY FREAR, C.J.

This bill in equity alleges in substance that on October 28,
1889, one Pomaikai sold to Sophie K. Wiley certain land but
that by mutual mistake the land described in the deed was dif-
ferent from that intended, and that afterwards, on March 15,
1899, said Sophie K. Wiley, with the consent of her husband, J.
W. Wiley, made a similar mistake in attempting to convey her
right, title and interest in and to the land to the plaintiff J.
Alfred Magoon as Trustee; that afterwards, on June 18, 1900,
the defendant obtained a deed of all Pomaikai's interest in the
land without consideration and with notice of the mistake and,
on April 12, 1901, brought ejectment for the land against said
Sophie K. Wiley and the plaintiff Chun Kin Fong, a lessee; that
said Sophie K. Wiley entered into possession when she purchased
and has ever since been in possession. The prayer is for a con-
veyance to the plaintiffs by the defendant of all the interest ac-
quired by the latter in the land, and for an injunction. The de-
fendant demurred on numerous grounds. The Circuit Judge sus-
tained the demurrer without stating on what grounds, and the
plaintiffs appealed.

One ground of demurrer was the non-joinder of the *cestuis
que trust*, Sophie K. and J. W. Wiley. This ground was well
taken. The rule is that in equity *cestuis que trust* should be

made parties to suits by or against trustees. This follows from the more general rule that all persons materially interested in the event of the suit or the subject matter should be made parties. The rule has some exceptions, but this case does not fall within them. It is easy to see that the *cestuis que trust* in this instance are materially interested. For instance, not only are they interested in the question whether the conveyance should be made at all, but they may have ground for showing that it should be made to them or one of them instead of to the trustee. Again, the result of the suit might be that the trustee would be obliged to convey back to Pomaikai the land alleged to have been conveyed to them by mistake, on the principle that he who seeks equity should do equity. It may be noticed in passing that no offer to do this is made. The necessity that may arise for doing this, to say nothing of other considerations, suggests whether Pomaikai also should not be made a party.

It will not be necessary to review all the grounds for demurrer. The plaintiff has not argued them specifically. Many of them are such as can be easily remedied, if they need remedying, in a new bill and, now that they are suggested to counsel by the demurrer, he can look into them as well as the court and act accordingly. The bill is defective, though we need not say whether fatally so, in other respects not covered by the demurrer. It does not appear that the Circuit Judge was requested to state on what grounds he sustained the demurrer or that any request was made for leave to amend.

The decree sustaining the demurrer, dismissing the bill and dissolving the temporary injunction is affirmed subject to the single modification that the dismissal should be without prejudice, and for the purpose of making such modification the case is remanded to the Circuit Judge.

*Magoon & Peters* and *T. I. Dillon* for plaintiffs.

*L. A. Dickey* for defendant.