## IN RE ROYAL INSURANCE COMPANY.

APPEAL FROM THE AUDITOR OF THE TERRITORY.

SUBMITTED MARCH 27, 1903.          DECIDED MAY 28, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A statement in an award made by the Fire Claims Commission to the owner of destroyed property, that the award was made subject to the subrogation of that claimant to an insurance company, giving the name of the company, the number of the policy and the amount, cannot be considered as an award of that amount to the company so as to entitle  it as an awardee to a warrant therefor.

OPINION OF THE JUSTICES BY FREAR, C.J.

This is another of the cases appealed from the refusal of the Auditor to issue a warrant on an alleged award of the Fire Claims Commission.   See last preceding two cases.

In this case the appellant insurance company had paid to the owner of the destroyed property $525 in settlement of an insurance policy thereon and taken an assignment of his claims

against any wrongdoer to that amount. The owner filed a claim for $5077.17 1-2 with the Commission, and the insurance company filed a claim for $525. An award was made as follows on the claim filed by the owner:

"5415.

"Date Judgt. Filing Claim. Claimant. Property.
"Apr. 15, 1902. July 15, 1901. Kwong Tai Loy. Personal
Prop.
Merchandise.
$5077.17 1-2.

"Upon the hearing herein it was found that the claimant was the owner of the property claimed and that the same was lost, damaged and destroyed in Honolulu under orders of the Board of Health or in consequence thereof in the suppression of Bubonic Plague.

"And upon the evidence adduced there is hereby awarded upon this claim the sum of two thousand eight hundred and eleven, 65-100 dollars.

"$2811.65.

"This claimant having subrogated to the following Ins. Co., to wit:

"Name of Ins. Co. No. of Policy. Amount.
"The Royal Ins. Co. 4861195. $525.

"This Award is hereby made subject to the subrogation of this claimant to said Company."

The facts of this case are much like those in the *Liverpool, etc., Ins. Co.* case, 14 Haw. 481, but the relief sought is different. In that case the contention was that no award had been made to the insurance company and the court was asked to compel the Commission to make an award by mandamus. Here the contention is that the award, though in the same form as in that case, should be construed as containing an award to the insurance company to the amount indicated and an award of the balance to the owner, and that the insurance company

should be paid first. It does not appear whether, in this case as in that, the Commission first deducted the amount of insurance, on the theory that the owner had already been compensated to that extent, and then attempted to make the balance subject to the same amount, on the theory that the owner had expressly assigned so much of his claim to the insurance company. If it did, the injustice in the result is apparent.

What does the award mean? Even if it means as contended by the insurer, that one award was made to the insured for $525 and another to the insurer for the balance of the total amount awarded, it would not follow that the insured would be entitled to priority in payment. The most that could reasonably be contended would be that payment should be pro rata, whether under general law (see *Moore's Appeal,* 92 Pa. St. 309; *Scobis v. Ferge,* 102 Wis. 122 or by the express language of the Fire Claims Act (Laws of 1901, Act 15, Sec. 10). The assignment did not give the assignee any priority of right. It merely purported to put the assignee in the place of the assignor as to a part of the claim. Nor did nor could the award give the assignee priority of right. Perhaps this would technically be sufficient to dispose of the case, since no demand has been made on the Auditor for a warrant for a *pro rata* of the 10% available. The demand apparently was for a warrant for the whole $525 even though that exceeded not only the *pro rata* but the entire 10% available. But the statute allowing appeals from the Auditor (Laws of 1898, Act 36, Sec. 16) indicates that cases of this kind should not be hampered with technicalities in modes of procedure.

There is more reason to suppose that the Commission intended to make the entire award to the owner in this case and merely noted that it was subject to the subrogation or assignment, whatever that might be, leaving it to the parties to settle their rights between themselves, than there was to suppose in the *Colburn* case *(ante* p. 4) that the Commission meant to make one award to the owner and merely note that that was subject to the interests of the lessees, &c., for, not only are the

awards in the two cases worded differently, but in the *Colburn* case the lessees had independent rights of their own upon which they were entitled to awards, while in this the assignee had no such right. In the present case at least it is not clear that a direct award was intended to be made to the insurance company. The award is made to the owner but expressed to be subject to the subrogation, that is, presumably, to whatever rights that may give. Just what the Commission mean it might be possible to say from the examination of the rest of the record in the cases of the two claims in question, and perhaps from the practice of the Commission in other cases, but, as it is, it is difficult to say from this award alone. At any rate, in our opinion the Auditor was justified under the circumstances in declining to issue a warrant for any portion of the award to this appellant. We feel that we would not be justified in the absence of further evidence, in saying that the appellant is entitled to anything by the express provisions of this award. The Auditor is entitled to clear proof of the validity of a claim before issuing a warrant therefor and it is incumbent upon the claimant to furnish such proof.

It not appearing clearly from the facts presented that the Auditor ought to issue the warrant desired, the appeal is hereby dismissed.

*Robertson and Wilder* for the appellant.

*Attorney General L. Andrews* for the auditor.

*W. A. Whiting and C. F. Clemons* for the owner.