EWA PLANTATION COMPANY *v.* JAS. L. HOLT, TAX ASSESSOR FIRST TAXATION DIVISION, TERRITORY OF HAWAII.

APPEAL FROM TAX APPEAL COURT, OAHU.

ARGUED DECEMBER 16, 1907.     DECIDED DECEMBER 19, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

JUDGES—*disqualification of—Sec. 84 Org. Act.*

> By the terms of Sec. 84 Org. Act a justice is not disqualified from sitting in a cause in which a corporation is a party by the fact of a relative by affinity or consanguinity within the third degree holding shares of stock in the corporation, the justice having no pecuniary interest in the issue of the case either directly or through such relative.

OPINION OF THE COURT BY HARTWELL, C.J.

There are on the calendar of this court twenty-seven cases, including the above entitled cause, of appeals by the Territory from decisions of tax appeal courts upon the income taxes of corporations.

Owing to the fact, as it now appears, upon suggestion by the court that two of the justices of this court have relatives within the third degree of consanguinity or affinity who own shares of stock in one or more of these corporations, the court, before determining whether the justices were thereby disqualified, requested preliminary argument on the question from the attorneys in the cases. The attorneys have expressed the opinion, partly based on construction of the statute and partly on decisions of several state courts upon similar statutes, that the justices are not disqualified and that it is their duty to sit.

The question depends upon the meaning of the statute "That no person shall sit as a judge or juror in any case in which his

relative by affinity or by consanguinity within the third degree
is interested, either as a plaintiff or defendant, or in the issue
of which the said judge or juror may have, either directly or
through such relative, any pecuniary interest." Sec. 84 Org.
Act. A judge's pecuniary interest in the case or the mere
fact that a relative within the stated degree is a party, whether
the judge has any pecuniary interest in the matter or not, dis-
qualifies him from sitting. He is also disqualified if through
the relative he has a pecuniary interest in the issue of the case,
but the fact that a relative has a pecuniary interest does not
disqualify the judge under the terms of the statute unless,
owing to the nature of the relation, in some way he has a
pecuniary interest through the relative, as, for instance, in the
case of husband and wife, father and child, or of an obligation,
whether moral or legal, to support the relative, or of a derived
or common interest due to any cause. In all such instances
and in any case the existence of a pecuniary interest disquali-
fies. It may be that when a relative is a party his interest is
merely nominal or that he has no pecuniary interest in the
issue of the case, but none the less the judge is disqualified
from sitting in such case. In these cases the stockholders are
not parties, whatever their pecuniary interest in the result of
the cases may be, so that the fact that a justice is related to
them, as long as he himself has no pecuniary interest in the
case, does not disqualify him.

According to the decisions in many of the states a judgment
by a disqualified judge is void and no jurisdiction can be
secured by consent. See citations 17 Enc. of Law, 742. Hence
it is highly important not only to observe all disqualifying pro-
visions of law but that the disqualifications be clearly defined
by law in order to avoid uncertainty in the administration of
justice. It is obvious that frequently a judge may, without
knowing or having the means of knowing the fact, have a rela-
tive who holds stock in a corporation which is a party litigant
in his court, and yet his knowledge or ignorance of the fact
would be immaterial if its existence is a disqualification. It

is certainly not desirable that upon such inscrutable grounds judgments of courts should be liable to be adjudged to be nullities. We do not think that the law requires or admits such causes of disqualification.

Under the existing facts it is undoubtedly true that the statute does not disqualify the justices mentioned and it is therefore their duty to sit in the cases.

*C. R. Hemenway,* Attorney General, and *M. F. Prosser,* for the Territory.

*H. E. Cooper, Smith & Lewis,* and *D. L. Withington,* of *Castle & Withington,* for the taxpayer.