THE STATE OF FLORIDA *ex rel.*, WILLIAM H. ADAMS, *Relator* v. R. M. CALL, CIRCUIT JUDGE, *Respondent.*

When the legal effect of a dedication of land by a corporation is litigated, any person who was a stockholder of the corporation when the dedication was made, is disqualified to determine judicially the legal effect of the dedication.

This case was decided by the court En Banc.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

*Cooper & Cooper,* for Relator;

No appearance for Respondent.

WHITFIELD, C. J.—This is an original proceeding in mandamus to determine whether the Judge of the Fourth Judicial Circuit is disqualified to hear and decide a cause pending in the court over which he presides.

It appears that before his appointment as judge the Honorable Rhydon M. Call was a stockholder in the Jacksonville and Atlantic Railroad Company, a corporation,

State *ex rel.* Adams v.· Call.—Opinion of Court.

and it is alleged that while he was a stockholder certain lands of the corporation were dedicated to public use. It does not appear that the respondent has disposed of his stock, but it does appear that all the property of the corporation was sold and transferred by judicial decree. In a suit now pending in the Fourth Judicial Circuit the alleged dedication is being litigated, and the judge has made an order therein stating his disqualification to hear and determine the cause "on account of interest in the result thereof." The stockholders of a corporation are the real owners of its corporate property, and every stockholder has a present pecuniary interest in property of the corporation that is dedicated to public use. When the legal effect of a dedication by a corporation is litigated, any person who was a stockholder when the dedication was made is disqualified to determine judicially the legal effect of the dedication. Judge Call, as a stockholder of the corporation, had a direct pecuniary interest in the alleged dedication of property of the corporation, and when that dedication is being litigated he is disqualified to act therein judicially. He cannot judicially determine the legal effect of a dedication in which he. as a stockholder of the corporation participated through the directors or other agents of the corporation in making the alleged dedication.

The alternative writ is quashed.

All concur, except TAYLOR, J., absent on account of illness.