# WILLIAM O. SMITH, SAMUEL M. DAMON, E. FAXON BISHOP, ALBERT F. JUDD AND ALFRED W. CARTER, TRUSTEES UNDER THE WILL OF BERNICE PAUAHI BISHOP, DECEASED, v. ALEXANDER LINDSAY, JR., ATTORNEY GENERAL OF THE TERRITORY OF HAWAII.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED NOVEMBER 7, 1910.　　　　DECIDED NOVEMBER 10, 1910.

HARTWELL, C.J., PERRY AND DE BOLT, JJ.

JUDGES—*disqualification of—Sec. 84, Organic Act.*

By the terms of Section 84 of the Organic Act a judge who is related by affinity within the specified degree to a person who is suing as trustee under a will is disqualified from sitting in the case.

OPINION OF THE COURT BY PERRY, J.

The chief justice has called the attention of counsel to the fact that he is the brother-in-law of one and the father-in-law of two of the persons who are trustees under the will of Bernice Pauahi Bishop, deceased, and, as such are named as parties plaintiff in this case and has suggested the question of his possible disqualification, saying that he supposed that he was disqualified. The attorneys on both sides also take the view that the disqualification exists.

Section 84 of the Organic Act provides that "no person shall sit as a judge * * * in any case in which his relative by affinity or by consanguinity within the third degree is interested, either as a plaintiff or defendant, or in the issue of which the said judge * * * may have, either directly or through such relative, any pecuniary interest." The language of the section is sufficiently clear. When no relationship exists between the judge and any of the parties, a *pecuniary* interest in the issue of the suit is essential to disqualification, but when the

specified relationship does exist, the mere fact that the judge's relative is a party constitutes a disqualification. The words "either as a plaintiff or defendant" would seem to have been inserted to define the nature of the relative's interest which should be sufficient to disqualify. In their absence the reader would have been left in doubt as to whether, not to mention other possibilities, the interest which congress had in mind was pecuniary or that of a mere member of the community or that of one standing in the condition of a party. The phrase quoted removes that doubt. In *Ewa Plantation Co.* v. *Tax Assessor,* 18 Haw. 509, 510, the court said, although perhaps the remarks were obiter dicta: "A judge's pecuniary interest in the case, or the mere fact that a relative within the stated degree is a party, whether the judge has any pecuniary interest in the matter or not, disqualifies him from sitting. * * * It may be that when a relative is a party his interest is merely nominal or that he has no pecuniary interest in the issue of the case, but none the less the judge is disqualified from sitting in such case."

Whether a nominal party is a party within the meaning of the section is a question which does not arise in this case. Messrs. Smith, Judd and Carter are active litigants. With their co-trustees they instituted this suit, have control of it, may, subject to the ordinary rules of procedure, maintain it or discontinue it at their pleasure and have all the rights of appeal allowed by law and all the other powers ordinarily possessed by parties. It may be added that it is immaterial for the purposes of the question here involved whether litigants who are relatives of the judge are suing in their own right or in a representative capacity. Upon this latter point the authorities are not in entire accord, but see, for example, *State* v. *Foster,* 36 So. (La.) 554, 555, 556, and *Dennard* v. *Jordan,* 37 S. W. (Tex.) 876.

In our opinion the chief justice is disqualified in this case.

Smith v. Lindsay. 20 Haw. 262.

*B. L. Marx (Kinney, Ballou, Prosser & Anderson* on the brief) for plaintiffs.

Defendant in person, *W. L. Stanley* also for him (*Holmes, Stanley & Olson* on the brief).