# LYDIA C. LUCAS, TRUSTEE, *v.* CHARLES LUCAS, JOHN LUCAS AND MARY N. LUCAS.

## APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED MARCH 9, 1911. DECIDED APRIL 7, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

WILL—*absolute title—alienation, restraint of.*

A testator devised property to his sons, "their heirs and assigns forever;" then, by a subsequent clause in his will, he declared "that neither of my sons * * * shall, during their lifetime, dispose of said interest to any person without the consent in writing of the other two first being had and obtained." Held, that the attempted restraint by the testator is void and the devisees acquired the absolute title to the property with the right and power to dispose of it at will.

PARTIES—*trustee, cestuis que trust.*

. While it is true the general rule is that in suits respecting trust property brought either by or against trustees the *cestuis que trust* as well as the trustees are necessary parties, still, where a suit is brought by a trustee for the recovery of trust property, or to reduce it to possession, and it in no wise affects his relation with his *cestui que trust*, the latter need not be made a party.

PARTNERSHIP—*sale of partner's interest—rights of purchaser—multi-fariousness.*

> A partner may sell his interest in the partnership and one who having acquired the interest of a former partner and having been received by the other partners in the place and stead of the former partner becomes a partner under the original agreement and is in a position to rightfully demand an accounting concerning all the partnership property and business transactions covering the entire period from the formation of the partnership down to the filing of the bill, and the allegation of those facts does not render the bill multifarious.

JUDGES—*disqualification of—Sec. 84, Org. Act.*

> By the terms of Sec. 84, Org. Act, a justice is not disqualified from sitting in a cause by reason of his relationship by affinity within the third degree to a son of the plaintiff, the son not being "interested, either as plaintiff or defendant."

### OPINION OF THE COURT BY DE BOLT, J.

This is a suit in equity entitled, "Bill by one partner against two other partners in the trade and business of carpenters and builders and contractors for an account of partnership transactions and for an injunction to restrain the defendant, Charles Lucas, from receiving the partnership moneys, for the appointment of a receiver and also for directions for the future management of the business."

Each of the defendants interposed a demurrer upon like grounds to the bill, but the defendant, John Lucas, withdrew his demurrer, and the demurrers of the other two defendants having been sustained and the bill dismissed, the plaintiff thereupon appealed from the decree to this court.

The chief justice having suggested to counsel the possibility of his disqualification to sit in this case by reason of his relationship by affinity within the third degree to a son of the plaintiff, upon consideration, it is our opinion that he is not disqualified. Counsel on both sides also take the view that there is no disqualification. *Ewa Plantation Co.* v. *Tax Assessor,* 18 Haw. 509; *Smith* v. *Lindsay,* ante, 262.

Section 84 of the Organic Act provides that "no person shall

sit as a judge * * * in any case in which his relative by affinity or by consanguinity within the third degree is interested, either as a plaintiff or defendant * * *." The plaintiff's son is not "interested, either as a plaintiff or defendant." He neither brings nor defends this suit. He is a stranger to the record. He is not a party. "Whoever brings a suit, bill or complaint, is a party plaintiff, and whoever is bound to appear and make answer or defend, is in law the party defendant." *Canaan* v. *Greenwoods Turnpike Co.,* 1 Conn. 1, 9; 30 Cyc. 1636; 13 Cyc. 762.

Congress, in the use of the term "plaintiff or defendant," must have intended a party to the record—one who brings or is bound to appear and answer or defend a cause in court.

The bill alleges, in substance, that in 1892, the "late Thomas R. Lucas," husband of the plaintiff, Charles Lucas and John Lucas entered into a partnership under the firm name of Lucas Brothers, for the purpose of carrying on the trade and business of carpenters, builders and contractors, which trade and business they so continued to carry on until April 19, 1910; that the property of the partnership consisted of the machinery, carpenters' tools, implements, and the planing mill, together with the rights, credits and good will of an established business in Honolulu, which had been carried on by their late father, George Lucas, and which property and business, he, George Lucas, by his will, devised to his sons, Thomas R., Charles and John, "to have and to hold one-third each to them their heirs and assigns forever and upon these conditions subject to the payment of the mortgage thereon and also subject to the payment of the debts of said business, the Honolulu planing mill, and all debts connected with said property, and also upon the condition that neither of my sons, Thomas R., John or Charles, shall, during their lifetime, dispose of said interest to any person without the consent in writing of the other two first being had and obtained;" that from about the year 1892 until December 1, 1910, Charles Lucas received all moneys due the

partnership, acted as its financial agent and manager, drew all checks, kept the books of account, or controlled their keeping, and paid out all moneys received in the course of the business; that he has not duly and regularly entered all such transactions on the partnership books of account, but has entered therein only a part of such transactions; that he kept Thomas R. Lucas in ignorance of the financial transactions of the partnership and has continued to keep the plaintiff in ignorance thereof from the time of the death of her husband until December 1, 1910; that he has received large sums of money from the contracts and business transactions of the partnership which he did not enter in the books of account, but used the same for his own private purposes; that from 1893 to 1910 he used the money of the partnership, amounting to the sum of $35,000, or more, for the purpose of purchasing large tracts of land in the Territory of Hawaii, the title to which land so acquired was taken in the name of his wife, Mary N. Lucas; that she, Mary N. Lucas, also holds other interests in lands as mortgagee for which she is the mere trustee, and which in equity and good conscience belong to the partnership; that on December 31, 1909, Thomas R. Lucas, "in consideration of the sum of one dollar," executed a certain deed whereby he conveyed all his property, including his interest in the partnership and a life insurance policy for the sum of $5000, to George A. Davis, trustee,

"To have and to hold the same with all and singular the rights, easements, privileges and appurtenances thereunto belonging or in any wise appertaining and the reversion and reversions, remainder and remainders, rights, issue and profits thereof, and all rights thereto, unto the said George A Davis, trustee and his successors in trust, their heirs and assigns forever, subject to any existing incumbrances, but in trust nevertheless to grant, bargain, sell, convey, assign, transfer and assign all of said property hereinbefore set out and included or intended to be included in this deed, to Lydia C. Lucas, my wife as trustee to hold, use, manage and absolutely in her discretion control and administer the same during the full term of her natural life and for such other purpose as are to be set

out and expressed in the deed of conveyance and assignment to be made and executed by the said George A. Davis as such trustee to the said Lydia C. Lucas as trustee and subject to the conditions and provisos therein contained and set out and upon executing such conveyances the said George A. Davis shall be fully released of and from all responsibilities and liability as trustee under this deed and otherwise."

That on the same day, in pursuance of the foregoing deed, George A. Davis, trustee, "in consideration of the sum of one dollar," by a certain other deed, conveyed all the property, partnership interest and the life insurance policy, mentioned in and conveyed by the foregoing deed, to Lydia C. Lucas, trustee,

"To have and to hold the same with all the rights, easements, privileges and appurtenances thereunto belonging or in any wise appertaining and the reversion and reversions, remainder and remainders, rents, issues and profits thereof and all rights thereto unto the said Lydia C. Lucas, Trustee, and her successors in trust and their heirs and assigns forever.

"But in trust nevertheless, to hold, use, manage, control and administer the same upon the following trusts, that is to say,

"The Trustee, Lydia C. Lucas shall during the full term of her natural life, if she deems it prudent and profitable shall continue to carry on the business of carpenter builder and contractor in conjunction with the other members of the firm of Lucas Brothers if satisfactory to the other partners or the survivor of them and the said trustee shall have the sole right to so determine and she shall have and receive the entire net income arising from said business and all net profits for the full term of her natural life and is hereby given full power to run and conduct the said business as a partner therein in the same manner and to the same extent as her husband Thomas R. Lucas could do when alive and she, the said Trustee, may retain the whole of the net income and profits from the business and from the property hereby conveyed during the full term of her natural life.

"And the said Lydia C. Lucas is hereby empowered to sell and dispose of all the property rights and credits hereby conveyed, sold and assigned, but she, the said Trustee shall invest the money received from such sale or sales in good safe se-

curities and she shall be entitled to the net income and profits arising from said money so invested during the full end and term of her natural life.

"It is hereby expressly understood and the true intent and meaning of this deed is that upon the death of the said Lydia C. Lucas the children of Thomas R. Lucas and Lydia C. Lucas then living and the survivors of them the said children shall appoint a successor to the said Lydia C. Lucas as Trustee and in case of their failure to agree upon a suitable person then the Judge of the Circuit Court of the First Judicial Circuit of the Territory of Hawaii shall appoint a Trustee who shall immediately make, execute and deliver a deed of conveyance of all the property rights and credits, including all the real and personal property hereby sold, assigned, given, granted and conveyed to the children of the said Thomas R. Lucas and Lydia C. Lucas then living and the said children then surviving shall each be entitled to one equal share of the said property hereby granted, assigned and conveyed and the same shall immediately vest in them, the said children, their heirs, executors, administrators and assigns upon the death of the said Lydia C. Lucas but during the life time of the said Lydia C. Lucas she shall remain and be the sole person to handle, control and dispose of said property as she deems advisable save and except that all principal monies arising from such sale or sale shall be invested as aforesaid.

"The Trustee shall pay all taxes and charges against said property and shall have full power to employ such persons to assist her in the conduct of the business of Lucas Brothers as she deems advisable.

"It is hereby expressly understood that said Lydia C. Lucas shall have full and complete control of all the property herein conveyed during the term of her life and the entire income arising therefrom but the principal of said property shall not be diminished unless the income therefrom shall not be sufficient to support the said Lydia C. Lucas in which event she shall have full power to spend the principal or any portion thereof that may be necessary for her proper support and maintenance.

"This trust shall terminate upon the death of the said Lydia C. Lucas and all property real, personal and mixed shall be equally divided between the children then living, issue of the marriage of Thomas R. Lucas and Lydia C. Lucas and the

survivor or survivors in the manner hereinbefore provided for herein.

"The said Lydia C. Lucas the Trustee herein and hereunder does hereby join with the grantor in the execution hereof in token of her acceptance of the trusts and covenants to faithfully perform the duties imposed by this deed and the laws of the land."

That on April 26, 1910, the plaintiff informed John and Charles Lucas that she desired to continue to carry on the business and partnership "so carried on and conducted by her late husband as one of the partners," and they agreed thereto and that she should stand in the place and stead of her husband as an equal partner, and that the business was so carried on and conducted under the firm name of Lucas Brothers, from April 1910 until December 1, 1910; that upon the death of Thomas R. Lucas and the payment of his life insurance in the sum of $5000, Charles Lucas prevailed upon the plaintiff to allow him to take and use the said sum of $5000 for partnership purposes, with the understanding that the partnership would repay her two-thirds of it, which Charles and John Lucas agreed to do, and they accordingly caused to be prepared a memorandum in writing to be signed by them; that upon the memorandum being prepared they refused to sign the same, but in pursuance thereof they have paid the plaintiff the sum of $600; that the plaintiff made application to Charles and John Lucas to have the books of the partnership audited and to render an accounting to her concerning the property and business transactions of the partnership from the time of its formation to November 1, 1910, which they refused to do, whereupon she brought this suit.

The demurrers interposed were based upon the following grounds:

"1.    That it appears by said bill that the children of Lydia C. Lucas and Thomas R. Lucas, cestuis que trustent under that certain trust deed referred to in said bill, are necessary parties to said bill but said plaintiff has not made them parties.

"2. That it appears by said bill that plaintiff is not entitled to bring this suit.

"3.   That it appears by the said bill that the same is multifarious in that it seeks an accounting and other matters in regard to two separate and distinct partnerships between separate and different persons.

"4. That in so far as said bill seeks relief in connection with any partnership alleged to have existed between Charles Lucas, John Lucas and Thomas R. Lucas it appears by said bill that said plaintiff has no interest in the subject matter thereof.

"5.   That it appears by said bill that this defendant is not answerable to plaintiff in so far as said bill seeks relief in regard to any partnership alleged to have existed between the said Charles Lucas, John Lucas and Thomas R. Lucas.

"6.   That the plaintiff's right to sue has been barred by the statute of limitations.

"7.   That the plaintiff's right to sue has been barred by laches.

"8.   That said bill is ambiguous, uncertain and unintelligible in that (a) it does not appear in and by said bill for whom plaintiff is trustee, (b) in that it does not appear in and by said bill when Thomas R. Lucas died, (c) in that it does not appear in and by said bill whether the said Thomas R. Lucas died testate or intestate, (d) in that it does not appear by said bill that the will of George Lucas referred to in said bill was ever admitted to probate, (e) in that it does not appear from said bill whether the agreement of partnership alleged to have existed between Thomas R. Lucas, Charles Lucas and John Lucas was oral or in writing, and if in writing no copy thereof is attached to and made a part of said bill.

"9.   That in so far as the allegations of paragraph VII of said bill are concerned plaintiff has a plain, adequate and complete remedy at the common law in regard thereto.

"10.  That said bill does not seek or pray for the dissolution of any partnership alleged therein to have existed, by reason whereof this court is without jurisdiction in the premises.

"11.  That plaintiff has not in and by said bill made or stated such a cause as does or ought to entitle her to any such discovery or relief as is hereby sought and prayed for from or against this defendant."

Of the grounds of demurrer thus stated, the circuit judge

sustained the first, third, fourth, fifth, eighth and ninth.

Preliminary to the consideration of the specific questions raised by the demurrers, we will first dispose of the question as to the force and effect of the following clause contained in the will of George Lucas, as above quoted, namely, "that neither of my sons, Thomas R., John or Charles, shall, during their lifetime, dispose of said interest to any person without the consent in writing of the other two first being had and obtained." It will be observed that the testator devised the property to his sons, "their heirs and assigns forever," and then, by a subsequent clause, just quoted, he attempted to restrain the disposition of it. The attempt to thus restrain the alienation of the property was in conflict with the universally recognized doctrine that every person has the inherent right of absolute dominion over his property, which includes the right and power to freely sell and dispose of the same whenever and to whomsover he may choose. It follows that the attempted restraint by the testator must be declared void, and the devisees held to have acquired the absolute title to the property with the right and power to dispose of it at will. *Simerson* v. *Simerson,* ante, 57, 59; *Nahaolelua* v. *Heen,* ante, 372, 377; Gray on Perpetuities, §120; 2 Jarmon on Wills, *854, *856, *860, *864; Redfield on Wills, 665, 667; 30 Cyc. 1518.

With regard to the first ground of demurrer, namely, the failure to make the children of the plaintiff parties to the suit, the defendants contend that they are necessary parties. Under the facts as disclosed by the bill, we are of the opinion, however, that the children are not necessary parties. It will be observed that the plaintiff under the conveyance to her has absolute control of the property; that she can sell and dispose of it at will, so long as she invests the proceeds in "good safe securities;" that she is entitled to the entire net income; that in this suit she represents the children, and, in accordance with her duty, she is seeking to protect the entire property and compel an accounting. While it is true "the general rule is that

in suits respecting trust property brought either by or against trustees the *cestuis que trust* as well as the trustees are necessary parties," still, "where a suit is brought by a trustee for the recovery of trust property, or to reduce it to possession, and it in no wise affects his relation with his *cestui que trust,* the latter need not be made a party." 1 Beach, Mod. Eq. Prac., §70; *Carey* v. *Brown,* 92 U. S. 171; *Kerrison* v. *Stewart,* 93 U. S. 155; *Stevens* v. *Bosch,* 54 N. J. E. 59.

The case at bar is clearly distinguishable from the case of *Magoon* v. *C. Lai Young,* 14 Haw. 376, cited by the defendants on this question of parties. That case was brought by "J. Alfred Magoon, Trustee for Sophie Kahuole Wiley and J. W. Wiley, and Chun Kin Fong, plaintiffs, vs. C. Lai Young, defendant." The bill in the case cited shows that one Pomaikai sold to Mrs. Wiley certain land but that by mutual mistake the land described in the deed was different from that intended; that afterwards Mrs. Wiley made a similar mistake in attempting to convey the land to J. A. Magoon as trustee; that thereafter C. Lai Young obtained a deed of all Pomaikai's interest in the land without consideration and with notice of the mistake and then brought ejectment for the land against Mrs. Wiley and Chun Kin Fong, the lessee; that Mrs. Wiley entered into possession when she purchased the land and continued in possession. The prayer was for a conveyance to the plaintiffs by the defendant of all the interest acquired by the latter in the land. The defendant demurred on the ground of non-joinder of the *cestuis que trust,* Sophie K. and J. W. Wiley. The court held that this ground was well taken, and, *inter alia,* observed, that "It is easy to see that the *cestuis que trust* in this instance are materially interested. For instance, not only are they interested in the question whether the conveyance should be made at all, but they may have ground for showing that it should be made to them or one of them instead of to the trustee." It is also obvious that relief was sought from the consequences of a mistake made by others than the parties to the suit.

The possibility of a conflict of interest between the trustee and *cestuis que trust,* so apparent in that case, is entirely absent in the case at bar.

As to the second, fourth, fifth and eleventh grounds of demurrer, whether the plaintiff is "entitled to bring this suit," whether she has any "interest in the subject matter thereof," whether the defendants are "answerable to plaintiff in so far as said bill seeks relief in regard to any partnership alleged to have existed between the said Charles Lucas, John Lucas and Thomas R. Lucas," or whether the plaintiff has "stated such a cause as does or ought to entitle her to any such discovery or relief as is hereby sought and prayed for from and against" the defendants, must necessarily depend upon the final conclusion to be reached after full consideration of all the questions before us.

The sixth and seventh grounds of demurrer, that the plaintiff's right to sue has been barred by the statute of limitations and by laches, are without merit. The bill shows that the business of the partnership was continued by the surviving partners and the plaintiff in all respects as it had been before the death of Thomas R. Lucas, and that no partnership settlement or accounting was ever had, either before or after the death of Thomas R. Lucas. Wood on Limitations, (3d ed.) Sec. 210; *Riddle* v. *Whitehill,* 135 U. S. 621, 637; *Cole* v. *Fowler,* 68 Conn. 450; *Harris* v. *Mathews,* 32 S. E. 903; Secs. 1971, 1972, R. L.

It is clear under the authorities that the plaintiff acquired all the interest of her husband in the partnership. Whether the partnership was dissolved by the execution of the trust deeds, or by the death of Thomas R. Lucas, or at all, is immaterial; because the plaintiff, subsequent to the conveyance to her and the death of her husband was admitted into the partnership business by the surviving partners in the place and stead of her husband as an equal partner, and, whatever her rights were as to an accounting before she was admitted as a partner, there

can be no question in this respect, now that she has been admitted into the partnership, upon sufficient cause shown therefor. Parsons on Partnership (4th ed.) §106, says: One who represents the interest of a former partner, if received by the other partners and treated as a partner, becomes a partner under the original articles." See 2 Lindley on Partnership, *697, *698; Parsons on Partnership, (4th ed.) §§9, 112, 305, 314; 22 Am. & Eng. Ency. Law. 205, 206; 30 Cyc. 458.

The third ground of demurrer presents the question of multifariousness. In the view we take of the case, the plaintiff having acquired the interest of her husband, and having been admitted into the partnership business as an equal partner with the surviving members of the firm, she not only acquired a one-third interest in the entire partnership property and business, including all rights, credits and demands of the firm, but she also acquired the right to an accounting concerning the same, covering the period from 1892 to the date of filing her bill. She occupies the position her husband, if alive, would have occupied had he not disposed of his interest. The parties to this suit are equally interested and alike concerned in all the property acquired and in all the business transactions had by the partnership, both before as well as after the death of Thomas R. Lucas. They are alike concerned in all the facts alleged; and, whatever decree may finally be entered, they are equally concerned. The bill, in our opinion, clearly, is not multifarious.

With regard to the eighth ground of demurrer, that the bill is ambiguous, uncertain and unintelligible, in that it does not show for whom the plaintiff is trustee, nor when Thomas R. Lucas died, nor whether he died testate or intestate, nor that the will of George Lucas was ever admitted to probate, nor whether the agreement of partnership between Thomas R., Charles and John Lucas was oral or in writing, it will be observed that the trust deeds set out in the bill show that the

plaintiff is trustee for her children. This disposes of the question as to whom she is trustee for.

As to when Thomas R. Lucas died and whether he died testate or intestate, is wholly immaterial. The plaintiff's claim in no wise depends upon the time or fact of his death. Indeed, her position would be just the same if he were alive. The estate of Thomas R. Lucas, if he left one, is not involved in this suit.

Whether the will of George Lucas was ever admitted to probate or not is immaterial so far as the parties to this suit are concerned. The bill shows that Thomas R., Charles and John Lucas acquired the property and business formerly owned by their father, and that they ever since have had the exclusive use and possession of it, together with the profits accruing. Whether the title is defective or not, or whether they acquired the property by their father's will or not, is immaterial so far as the purposes of this suit are concerned. Whatever title, if any, they acquired, Thomas R. Lucas had a one-third interest in the property, business and profits. He had the same rights that each of the other two partners had, and whatever title he had he conveyed to the plaintiff.

As to whether the agreement of the partnership between Thomas R., Charles and John Lucas was oral or in writing is likewise immaterial. Moreover, this is a matter particularly within the knowledge of the surviving members of the partnership, and it is also a matter upon which they cannot be surprised or prejudiced.

Upon the ninth ground of demurrer the defendants contend that the plaintiff "has a plain, adequate and complete remedy at law" for the recovery of that portion of the life insurance money paid and used in the partnership business. Whatever the correct view upon this question might be under other circumstances we need not now determine. It is sufficient to say that the money having been paid into and used by the partnership under the circumstances alleged in the bill sufficiently

identifies it with and as a part of the property and partnership transactions involved in this controversy. The plaintiff's claim with reference to this money is not against Charles and John Lucas, or either of them, but against the partnership of which she is a member. *Fernandez* v. *Camara,* 12 Haw. 183.

The case at bar is clearly distinguishable from the case of *Holmes* v. *Mello,* 15 Haw. 72, cited by the defendants. The case cited was simply an action of assumpsit for money paid by Holmes for the use of Mello to meet his share of the expenses of the partnership; such advances having been made in pursuance of an agreement entered into by them before the formation of the partnership.

As regards the tenth ground of demurrer, that the bill does not seek or pray for a dissolution of the partnership, the record before us shows that the plaintiff asked leave of the circuit judge to amend her bill in this respect, but her request was denied. The amendment should have been allowed; but the fact that the amendment was offered by the plaintiff before the bill was dismissed by the circuit judge renders it unnecessary for us to determine whether the prayer for dissolution of the partnership was necessary or not. We are of the opinion, however, that the bill with the proposed amendment made will state a cause relievable in equity. The decree dismissing the bill, therefore, is reversed and the cause is remanded to the circuit judge with directions to allow the amendment asked for and to proceed in accordance with this opinion.

*G. A. Davis* (*G. S. Curry* with him on the brief) for plaintiff.

*C. C. Bitting* (*Thompson, Clemons & Wilder* on the brief) for defendants.