THE PEOPLE OF THE STATE OF NEW YORK ex rel. UNION BAG AND PAPER CORPORATION and UNION BAG AND PAPER POWER CORPORATION, Relators, *v.* PERRY M. GILBERT and Others, Respondents.

Supreme Court, Washington County, April 5, 1932.

*Sawyer & Gibson,* for relator Union Bag and Paper Corporation.

*Daniel F. Imrie,* for relator Union Bag and Paper Power Corporation.

*Leroy E. Middleworth* [*J. Edward Singleton* of counsel], for the respondents.

HEFFERNAN, J. Heretofore the relators presented to a justice of this court at chambers petitions for orders directing that writs of certiorari be issued for the purpose of reviewing assessments against their real properties upon the assessment roll of the village of Hudson Falls for the year 1932. The orders were granted, the writs were issued and made returnable before a Special Term of the court at which the justice who granted the orders and allowed the writs presided.

The respondents are the assessors, the trustees and the mayor of the village. It is conceded that the mayor is related within the sixth degree of consanguinity to the justice who granted the orders in question.

Upon the return of the writs all parties appeared by their attorneys and the respondents thereupon objected to the juris-

diction of the court and moved to dismiss the proceedings upon the ground that the justice presiding was disqualified to act because of his relationship to the mayor, one of the parties, within the prohibited degree. The objection was overruled and a referee was appointed to inquire into the allegations contained in the petitions and to report. The respondents have now applied to vacate the orders for the writs, the writs and the orders of reference upon the ground that the same are void for failure of jurisdiction.

At common law a judge was not disqualified by relationship to a party or to a person interested in the result of a case. The only ground upon which he could be excluded from acting was interest in the litigation. This disability was founded upon the maxim that no man can be a judge in his own cause. The rule of the common law has been abrogated in practically all jurisdictions in this country by constitutional or statutory provisions which disqualify any judge to act in any cause wherein he may be related to any of the parties within certain degrees of consanguinity or affinity which vary considerably in different jurisdictions.

Section 15 of the Judiciary Law of this State, so far as material here, reads: " A judge shall not sit as such in, or take any part in the decision of, a cause or matter  *  *  *  in which he is interested, or if he is related by consanguinity, or affinity to any party to the controversy within the sixth degree." The purpose of the statute is to secure to litigants a fair and impartial trial by an impartial and unbiased tribunal. Courts should scrupulously maintain unsullied their dignity and integrity. Every litigant is entitled to nothing less than the cold neutrality of an impartial judge who must possess the disinterestedness of a total stranger to the interests of the parties involved in the litigation, whether that interest is revealed by an inspection of the record or developed by evidence aliunde the record. (*Yazoo & M. V. R. R. Co.* v. *Kirk,* 102 Miss. 41). Partiality and bias are presumed from the relationship or consanguinity of a judge to a party. This presumption is conclusive and disqualifies the judge. (*Oakley* v. *Aspinwall,* 3 N. Y. 547; 33 C. J. 1007.) In the administration of justice it is not only requisite that a judge should be honest, unbiased, impartial and disinterested in fact, but equally essential that all doubt or suspicion to the contrary should be jealously guarded against and eliminated. Not only is it the duty of a judge to render a righteous judgment but it is of transcendent importance to the litigants and the public generally that there should not be the slightest suspicion as to his fairness and integrity. Caesar demanded that his wife should not only be virtuous but beyond suspicion.

The people should not exact less from the judiciary, the most powerful branch of our government.

Disqualifying statutes should not receive a technical or strict construction but should be interpreted liberally. No judge should preside in a case in which he is not wholly free, disinterested, impartial and independent. This great principle should not be given a limited and restricted interpretation but should be broadly applied to all classes of cases where a judicial officer is called upon to decide between conflicting rights.

The question here is whether these proceedings fall within the section of the Judiciary Law to which reference has been made. The determination of that question necessarily involves an interpretation of the word " party." It is argued on behalf of the relators that the mayor is merely named as a party in his official capacity, that he has no interest in the proceedings and hence that disqualification does not follow. The able counsel for relators have cited *Matter of Hopper* (5 Paige, 489) and *Underhill* v. *Dennis* (9 id. 202) in support of their contention. These cases, it seems to me, are not decisive of the question presented for decision here. In the one instance a vice-chancellor appointed his son committee of a lunatic. In the other a surrogate designated his relative guardian of an infant. In both cases the court upheld the validity of the appointments on the ground that they were merely officers of the court and had no personal interest in the subject-matter of the litigation. It should also be said that while, perhaps, these adjudications may represent the thought of a bygone age they shock our sense of propriety, are not in accord with the spirit of our time and should not be followed or approved.

Moreover, it is immaterial whether a litigant who is related to a judge within the prohibited degree is suing in his own right or in a representative capacity. He is a " party " within the meaning of the statute even though he is only a party to a suit in a representative capacity and consequently a judge is none the less disqualified. (33 C. J. 1007; *Smith* v. *Lindsey*, 20 Hawaii, 262; *State ex rel. Ribbeck* v. *Foster*, 112 La. Ann. 533; *Dennard* v. *Jordan*, 14 Tex. Civ. App. 398.)

It is important to note that the mayor of a village is one of its trustees. (Village Law, § 87.) After a village assessment roll is completed the board of trustees and assessors meet for the purpose of completing the assessment roll and to hear and determine complaints in relation thereto. (Village Law, § 105.) They are authorized to correct errors therein. (Village Law, § 109-a.)

A writ of certiorari to review assessments runs to the officers making the same. They are all necessary parties thereto. (Tax Law, § 291; *People ex rel. Benedict* v. *Roe*, 25 App. Div. 107.) Costs may be allowed against them under certain circumstances. (Tax Law, § 294.)

In the proceedings under review the mayor is named as a party and necessarily so. He is directly interested in the subject-matter. He has the right to make a defense. He is an active participant. Unquestionably in his official capacity he can control the proceedings. It is quite apparent that he cannot be treated merely as a nominal party in this litigation. Obviously his interest is vastly more. I am, therefore, convinced that the judge was disqualified to act because of his relationship to the mayor and hence the proceedings are void. In my opinion the spirit and purpose of the statute are best subserved by this construction. As I view it any other interpretation not only disregards the spirit of the statute but defeats its purpose. It is gratifying to note that all parties to the controversy are united in asserting that the integrity and probity of the learned justice who officiated in the matters in dispute are beyond reproach. That tribute is well deserved. Much more is involved here, however, than the immediate rights or wishes of the litigants. The rule which disqualifies a judge when he is within a certain degree of relationship to one of the parties has its foundation in public policy. The rigor of that rule should not be lightly relaxed.

It was suggested on the argument that unless these applications are denied the relators will be without redress. That argument is not persuasive. Private rights must frequently yield to public policy. However, that question is not here for decision and it is not now necessary to consider it.

The respondents have adopted the correct procedure. When a justice is disqualified the proceedings before him are void and the proper practice is to move at Special Term before another justice to annul them. (*Elmira Realty Co.* v. *Gibson*, 103 App. Div. 140; *People* v. *Whitridge*, No. 2, 144 id. 493; *Kamp* v. *Kamp*, 59 N. Y. 212.)

The motions are, therefore, granted, the writs of certiorari quashed and the various orders set aside, but, under the circumstances, without costs.