GEORGE B. CAREY, DBA WHITE SEWING MACHINE AGENCY, *v.* THE DISCOUNT CORPORATION, LIMITED, DEFENDANT; BISHOP NATIONAL BANK OF HAWAII AT HONOLULU, GARNISHEE.

No. 2455.

ARGUED FEBRUARY 27, 1941.          DECIDED MARCH 7, 1941.

COKE, C. J., PETERS AND KEMP, JJ.

812

OPINION OF THE COURT BY PETERS, J.

The suggestion was made by the defendant-appellee that Mr. Justice Peters was disqualified to sit upon the appeal of the within cause for the reason that both he and his wife had a pecuniary interest in the issue thereof within the meaning of the provisions of section 84 of the Hawaiian Organic Act. The plaintiff-appellant demurred to the suggestion of disqualification on both general and special grounds upon the latter of which the demurrer was sustained with leave to the defendant-appellee, upon application therefor, to amend. (See *per curiam, ante,* p. 786.)

With leave of court, upon application therefor, the defendant-appellee has filed an amended suggestion of disqualification. The amended suggestion of disqualification presents the same grounds of disqualification and is based upon the records and files in the cause, the affidavit of the attorney filed in support of the original suggestion and the affidavit of a vice-president and cashier of the Bishop National Bank of Hawaii at Honolulu.

From the facts which have been now made to appear Mr. Justice Peters is clearly disqualified from sitting upon the appeal of the within cause upon the ground that in the issue of the within case the justice has, through his wife, a pecuniary interest within the meaning of the provisions of section 84 of the Organic Act.

Mrs. Peters has a direct pecuniary interest in the result of the case. Section 84 of the Organic Act prohibits a judge from sitting in any case in the issue of which he has, through his wife, any pecuniary interest. Plaintiff-appellant seeks recovery from the defendant-appellee of the sum of $9291.09, exclusive of interest. The bank is the equitable owner of preferred and common stock of the defendant-appellee in excess of a majority of its preferred and common stock issued and outstanding. If plaintiff-appellant recovers, to the extent that the defendant-appellee will be affected by the judgment against it, either in respect of its assets or income, the bank will be similarly affected in proportion to its holdings in the former corporation. Progressively to the extent that the bank may be affected by the judgment against the defendant-appellee, either in respect of its assets or income, its ability to pay dividends may also be affected and the amount thereof necessarily diminished. Finally, if the dividends payable by the bank are diminished, the income of which Mrs. Peters is the life beneficiary may be decreased and to that extent she has a direct pecuniary interest in the result of the case.

The degree to which the income payable to Mrs. Peters will be affected may be very small. Plaintiff-appellant characterizes it as "trivial" and "microscopic." But the degree of the interest is immaterial. Any interest however small has been held sufficient to render a judge disqualified. The only exceptions known to us to this broad and general rule are where the amount in issue is "so small as to come within the maxim *de minimis non curat lex*," *Adams* v. *Minor*, 121 Cal. 372, 373 (1898), 53 Pac. 815, or "where there may be a *necessity* that the person so interested should act, in order to prevent a failure in the administration of justice," *Pearce* v. *Atwood*, 13 Mass.

324, 339. The interest involved in the instant case does not fall within either exception.

If the bank were a party to the within cause the justice would unquestionably be disqualified. (*First National Bank* v. *McGuire*, 12 S. D. 226, 80 N. W. 1074; *Ewa Plant. Co.* v. *Tax Assessor*, 18 Haw. 509.) Plaintiff-appellant contends that the bank not being a party to the cause, the rule does not apply. In our opinion, however, the absence of the bank as a party is immaterial. There may be a difference in degree but we see no difference in principle between a case where the pecuniary interest arises by reason of a corporation being a party to a cause and one in which the pecuniary interest occurs because the same corporation, though not a party to the cause, will, in the event of a judgment for plaintiff, be affected in respect of its assets or income in proportion that its stock holdings in the judgment debtor, another corporation, bear to all of the common and preferred stock of the latter, issued and outstanding. The conclusion is inevitable that where the wife of a justice of this court is the equitable life tenant of income to accrue from principal, which includes in part shares of the capital stock of a bank, and the bank, though not a party to the action, by reason of its being the equitable owner of preferred and common stock in excess of a majority of the preferred and common stock, issued and outstanding, of a corporation which is a party to the action, will, in the event of a judgment against the latter corporation, be proportionately affected in respect of its assets or income, the justice, under the circumstances, is disqualified from sitting upon an appeal to this court in said cause for the reason that he has, through his wife, a pecuniary interest in the issue of the case within the provisions of section 84 of the Organic Act. The following authorities are in point: *State* v. *Chillingworth*, 95 Fla. 699, 116 So. 633; *Adams* v.

*Minor, supra*; *In re Honolulu Consol. Oil Co.*, 243 Fed. 348 (C. C. A. 9th, 1917); *State ex rel Adams* v. *Call*, 59 Fla. 610, 51 So. 537; *In re Hultner-Wallner*, 48 Idaho 507, 283 Pac. 42; *Anderson* v. *Commonwealth*, 117 S. W. 364 (Ky.). The only case *contra* that has been called to our attention is *Central Pac. Ry. Co.* v. *Superior Court*, 296 Pac. 883 (Cal. 1931). It supports the contentions made by defendant-appellee. But we do not find it persuasive. On the contrary we prefer the reasoning adopted by Mr. Justice Curtis in his dissenting opinion. The majority opinion seems to us to be out of harmony with the principles earlier enunciated by the same court. (See *North Bloomfield G. M. Co.* v. *Keyser*, 58 Cal. 315 [1881]; *Adams* v. *Minor, supra*; *Hall* v. *Superior Court*, 198 Cal. 373, 245 Pac. 814; and *City of Vallejo* v. *Superior Court*, 199 Cal. 408, 249 Pac. 1084.)

Holding as we do that Mr. Justice Peters is disqualified, through his wife, to sit upon the appeal of the within cause, it becomes unnecessary to decide whether in the issue of this case the justice himself has any direct pecuniary interest.

Pursuant to the views herein expressed, the place of Mr. Justice Peters, as a member of this court, upon the hearing of the within appeal, shall be filled by a circuit judge in compliance with and in conformity to the provisions of R. L. H. 1935, § 3599.

*J. R. Cades* of the firm of *Smith, Wild, Beebe & Cades* for the disqualification.

*P. Silver* of the firm of *Cass & Silver* contra.