In the Matter of the Application of JANET W. HILL to Fix and Determine Her Fees as Attorney and to Enforce a Lien Therefor upon the Assets, Interests and Claims of the Estate of AMY J. EVANS, Deceased.

JANET W. HILL, Petitioner, Appellant; DURWARD R. EVANS, as Executor, etc., of AMY J. EVANS, Deceased, Respondent.

Third Department, September 30, 1942.

William J. Gordon [Janet W. Hill of counsel], for the appellant.

Henry M. Wolfson [Howard L. Kuttner with him on the brief], for the respondent.

PER CURIAM. This is an appeal from an order of the surrogate of Chenango county vacating a decree of Surrogate's Court of that county which was made by the special county judge as acting surrogate. The sole question with which we are concerned on this appeal is one of jurisdiction.

On August 11, 1941, the special county judge, as acting surrogate, issued an order to show cause, directed to the necessary parties and returnable on the 25th day of August, why appellant's fees for services in connection with the estate of the decedent Evans should not be fixed and determined. Service of this order and the petition upon which it was based was properly made upon each of the necessary parties. A hearing was had on the return day thereof and after testimony had been adduced, the acting surrogate made an order or decree fixing appellant's fees. No appeal was taken from this decree.

During the period specified, the surrogate was absent from the county and a patient in the Veterans' Hospital at Bath, N. Y., as appears from his own certificate. Subsequently the decree as made by the special county judge was vacated by the surrogate. The only authority or justification for such a procedure was lack of jurisdiction on the part of the special county judge to act as surrogate (*People ex rel. Union Bag & Paper Corp.* v. *Gilbert,* 143 Misc. 287); otherwise his order could only be reviewed by a direct appeal therefrom. The surrogate gave as his chief reason for vacating the decree that he had by order eliminated any terms of Surrogate's Court in Chenango county for the month of August, 1941.

We do not believe that under the circumstances the special county judge lacked jurisdiction. Under special statutes applicable to the county of Chenango (Laws of 1851, chap. 538, and Laws of 1852, chap. 73), and under the general provisions of the Surrogate's Court Act (§ 8), the special county judge was empowered to act in the absence or disability of the surrogate. The power thus conferred upon him by the Legislature could not be abrogated by the surrogate by an order *in futuro* and in contemplation of his

absence from the county. We recognize that in many counties the month of August is considered a vacation month in so far as surrogate's business is concerned, and we have no criticism of that practice from the viewpoint of convenience to litigants and attorneys, but we are here dealing with a question of power and not a matter of convenience.

The order should be reversed, with ten dollars costs and disbursements to the appellant, and the motion to vacate the decree of the acting surrogate denied, with ten dollars costs.

CRAPSER, Acting P. J., BLISS, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Order reversed, with ten dollars costs and disbursements to the appellant, and the motion to vacate the decree of the acting surrogate denied, with ten dollars costs.